EPIFANIO VIDAL ET AL., demandantes y recurridos, *v.* LUIS TORRES MASSA ET AL., demandados y recurrentes.

*Número:* R-76-104     *Resuelto:* 19 de mayo de 1976

*Miriam Naveira de Rodón, Procuradora General,* y *Candita R. Orlandi, Procuradora General Auxiliar,* abogados de los recurrentes; *José Luciano Vélez,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Varios oficiales del Cuerpo de la Policía instaron demanda contra el Superintendente fundada en que éste les había retirado y pensionado de ese Cuerpo mientras estaban recibiendo tratamiento médico del Fondo del Seguro del Estado como consecuencia de accidentes sufridos en el curso del empleo. El tribunal de instancia declaró con lugar la demanda, anuló la actuación del Superintendente de la Policía y dispuso para la celebración de una vista a fin de determinar los emolumentos y otros derechos a satisfacerse a los retirados, que son los aquí recurridos. El Procurador General interpuso recurso de revisión y concedimos a los oficiales la oportunidad de mostrar causa por la cual no deberíamos expedir el auto y revocar la sentencia.

Los recurridos han comparecido en un escrito en el cual fundamentan su oposición a la expedición del auto. Sostienen que la Ley de la Policía dispone que el tiempo durante el cual un miembro del Cuerpo tenga que permanecer bajo tratamiento médico como consecuencia de algún accidente sufrido durante el desempeño de sus funciones "será considerado como tiempo en servicio activo y no será deducible de la licencia de vacaciones o de enfermedad." 25 L.P.R.A. sec. 221p (b). En orden a dicha disposición concluyen que cuando un policía se incapacita por accidentes del trabajo se encuentra en servicio activo y no puede el Superintendente separarlo de la fuerza por no llenar las normas físicas reglamentarias.

No estamos de acuerdo. El Reglamento de la Policía expresamente autoriza al Superintendente a separar del servicio por incapacidad física a un miembro del Cuerpo. 25 R.&R.P.R.

221d–12a. El hecho de que el policía se encuentre recibiendo tratamiento médico como consecuencia de algún accidente sufrido en el desempeño de su función, no impide al Superintendente el ejercicio de esa facultad.

Los recurridos se amparan en la Sec. 221p(b) pero ésta no les favorece. Dicha sección provee en lo pertinente:

"(a) Los miembros de la Policía tendrán derecho a licencia de vacaciones anualmente a razón de dos días y medio (2½) por cada mes de servicio, y a licencia por enfermedad a razón de día y medio (1½) por cada mes de servicio, excluyendo en ambos casos los domingos y días de fiesta legal. La licencia de vacaciones se concederá por un período consecutivo de no menos de quince (15) días al año. Se podrán acumular vacaciones hasta un máximo de sesenta (60) días laborables al finalizar cualquier año natural. La licencia por enfermedad se podrá acumular hasta un máximo de noventa (90) días laborables.

(b) El tiempo durante el cual un miembro de la Policía tenga que permanecer hospitalizado o recluido bajo tratamiento médico como consecuencia de algún accidente o heridas sufridas durante el desempeño de sus funciones será considerado como tiempo en servicio activo y no será deducible de las licencias de vacaciones o de enfermedad." 25 L.P.R.A. sec. 221(p).[1]

Estas disposiciones van dirigidas a regular el derecho a licencia de vacaciones y por enfermedad determinando la forma de computarse las mismas. Se refieren más bien a períodos de hospitalización o reclusión bajo tratamiento médico por un término relativamente corto. Se protege así la incapacidad transitoria del policía pero no la prolongada y permanente que trastoca el orden administrativo al mantener en "servicio activo" a policías incapacitados, ya sea en la calle o bajo tratamiento médico.

Se trata pues de una concesión que hace el legislador para que los policías continúen acumulando vacaciones mientras

---

[1] Esta sección fue posteriormente enmendada [derogada] por la Ley Núm. 26 de 22 de agosto de 1974. Véase Suplemento Acumulativo de 25 L.P.R.A. sec. 1021.

están fuera de servicio debido a accidentes sufridos en el desempeño de sus funciones. No altera en forma alguna la facultad esencial del Superintendente para separar del Cuerpo a todo miembro cuyo examen médico revele que no satisface los requisitos físicos establecidos para su retención. La interpretación que propulsa el recurrido tendría el efecto nocivo de mantener indefinidamente en el servicio a miembros incapacitados sin que el Superintendente pudiera cubrir sus plazas con nuevo personal. Tal interpretación constituiría un serio impedimento al logro de los propósitos fundamentales del Cuerpo de la Policía de proteger a las personas y a la propiedad, mantener y conservar el orden público, observar y procurar la más absoluta protección a los derechos civiles del ciudadano y perseguir el delito. Art. 3, Ley de la Policía, 25 L.P.R.A. sec. 1003. Estos importantes propósitos públicos sólo pueden lograrse a cabalidad por un Cuerpo de la Policía integrado por personas aptas física y mentalmente capacitadas.

No obstante, la facultad del Superintendente de separar del servicio a los policías que no satisfacen los requisitos físicos establecidos para la retención, ha de ejercerse con discreción, debiendo tomar en cuenta las circunstancias especiales y meritorias que pueden afectar el servicio y si la retención acelera o agrava la condición física del agente. Reglamento de la Policía (1968) 25 R.&R.P.R. sec. 221d–62. Recae pues sobre el Superintendente la responsabilidad de armonizar en una solución justa el conflicto entre el interés respetable del policía en conservar su trabajo mientras recibe tratamiento médico por un accidente sufrido en el desempeño de sus funciones y el vital interés de la sociedad en la seguridad de sus ciudadanos.

Conviene apuntar que el policía incapacitado, al igual que los demás servidores públicos, no están huérfanos de protección. Ellos están cubiertos por el Sistema de Retiro de

los Empleados del Gobierno el cual les provee una pensión por incapacidad ocupacional. Art. 1, Ley Núm. 447 de 15 de mayo de 1951, 3 L.P.R.A. sec. 761. En efecto ya los recurridos están disfrutando de esta pensión por incapacidad ocupacional.

*Se expide el auto y se dictará sentencia revocando la aquí recurrida.*