ASOCIACIÓN DE RESIDENTES DE BALDRICH, INC., demandante y recurrente, *v.* JUNTA DE PLANIFICACIÓN DE PUERTO RICO, ETC., demandados y recurridos.

*Número:* O-84-747      *Resuelto:* 30 de abril de 1987

*Enrique Umpierre Suárez*, abogado de la recurrente; *Héctor Cuebas Tañón* del Bufete *Harold D. Vicente; Ramón Alvarado, Raquel Escudero López, Milagros Arrieta Díaz* y *Agnes L. Navas Dávila*, abogados de los recurridos.

El Juez Asociado Señor Negrón García emitió la opinión del Tribunal.

El presente recurso nos permite explorar y pautar los criterios determinantes relativos a permisos provisionales por concesiones (variaciones) en el área reglamentada de zonificaciones. Abordamos la cuestión y reiteramos los pronunciamientos emitidos en *Quevedo Segarra* v. *J.A.C.L.*, 102 D.P.R. 87, 94–95 (1974) [1]: ". . . las variaciones y excepciones cumplen la importante función de brindar la flexibilidad necesaria en la aplicación del Reglamento de Zonificación para preservar su utilidad como instrumento de ajuste de los intereses en conflicto entre el dueño del terreno de usarlo en la forma que

---

[1] En cuanto al concepto de "variación" utilizado en ese caso, es menester aclarar que el Tribunal se refiere al consignado en la Sec. 53.00 del Reglamento de Zonificación: Reglamento de Planificación Núm. 4 de 1978, dispositivo de las concesiones, 23 R.&R.P.R. sec. 9–1101. El concepto "excepción" corresponde a la Sec. 54.00 del Reglamento que trata sobre "autorizaciones directas". 23 R.&R.P.R. sec. 9–1113.

él considere más conveniente y el interés del público en controlar el uso de la tierra y promover un desarrollo urbano integral, racional y ordenado. Son ellas una parte indispensable en el proceso integral de controlar los usos de la tierra en beneficio del bienestar general."

I

El trasfondo fáctico y procesal tiene su génesis en el informe de 8 de julio de 1977, mediante el cual la Administración de Reglamentos y Permisos (A.R.P.E.) concedió al Lic. Armando Lasa permiso de uso provisional por un año, para operar una oficina de abogados en una edificación localizada en el Núm. 598 de la Ave. Hostos, Urb. Baldrich, Río Piedras. Según el mapa de zonificación vigente para el Municipio de San Juan, sección de Río Piedras, dicha estructura está ubicada dentro de los límites de un Distrito de Zonificación Residencial R-3. A.R.P.E. lo concedió basado en todas las circunstancias del caso y fundado en que se operaban usos similares en el sector inmediato.

Posteriormente, durante cuatro (4) años más, el permiso "provisional" fue nuevamente prorrogado. En 1983 A.R.P.E. accedió otra vez a una solicitud de prórroga. Entonces la Asociación de Residentes de Baldrich, Inc. (Asociación), se opuso. Adujo como razón, entre otras, que el Reparto Baldrich era un área eminentemente residencial y los usos comerciales ocasionaban una serie de inconvenientes. Como perjuicios específicos señaló la congestión de automóviles y la obstrucción frecuente de la entrada y salida vehicular a los hogares de los vecinos, por clientes y usuarios de dichas oficinas debido a la falta de estacionamientos. Indicó también que no era necesaria la concesión de permisos comerciales en el Reparto, pues en el área próxima de Hato Rey había suficientes locales comerciales disponibles.

Sobre estas objeciones, en reconsideración A.R.P.E. concedió nuevamente el permiso de uso provisional. En su Informe

—a través del Comité de Asesoramiento, Consulta y Permisos—concluyó que no habían cambiado las condiciones originales que motivaron la concesión del permiso original y sus prórrogas, y que no existió objeción de los vecinos del sector. Hizo referencia a la facultad concedida por la Sec. 53.02 del Reglamento de Zonificación: Reglamento de Planificación Núm. 4 de 1978, para otorgar concesiones y conceder variaciones "en casos donde una aplicación literal de los mismos resultare en la prohibición o restricción irrazonable del disfrute de una pertenencia, y donde se demuestre que la concesión aliviará un perjuicio claramente demostrable, o ha de redundar en los mejores intereses de la comunidad y el sector". Esta resolución apercibió al licenciado Lasa, como concesionario, de que expirado el tiempo concedido, de ameritarlo, el permiso sería ampliado solamente por el máximo adicional de un año.

Inconforme, la Asociación solicitó la revocación de la Junta de Apelaciones sobre Construcciones y Lotificaciones. Impugnó la actuación de A.R.P.E. como *ultra vires* basado en que la Sec. 53.02 (4) (²) del Reglamento únicamente contempla la concesión de un permiso provisional de un año y una sola prórroga por igual tiempo, para un máximo posible de dos años.

Previa vista pública, el 13 de enero de 1984, la Junta de Apelaciones, a pesar de entender que el uso en cuestión no estaba permitido en un Distrito R-3, confirmó la actuación del Comité de A.R.P.E. Concluyó que el área residencial envuelta se comportaba como comercial y por ende la operación de dichas oficinas no afectaba de manera significativa las características esenciales del sector. Adujo además la existencia de "circunstancias especiales" en el caso que ameritaban la auto-

---

(²)"Concediendo permisos temporeros para usos no-conformes, sujeto a condiciones razonables para la debida protección del interés y bienestar público, siempre que no esté envuelta la erección de estructuras permanentes. Cada permiso de uso temporero tendrá una vigencia no mayor de un (1) año, pudiendo ser prorrogados hasta un máximo de un (1) año adicional." Reglamento de Zonificación, *supra,* Sec. 53.02.

rización como alivio administrativo, con miras a atemperar la rigurosidad del Reglamento. Así expresó: "En tales circunstancias conclu[i]mos que concurren aquí circunstancias especiales que ameritan la autorización de un alivio administrativo a las disposiciones reglamentarias que de ordinario *no permiten el uso* en dicho distrito de zonificación." (Énfasis suplido.) Resolución de 13 de enero de 1984, *Exhibit* 2D, pág. 18. Esto último se basa en el Art. 31(c) de la Ley Núm. 76 de 24 de junio de 1975, Ley Orgánica de la Administración de Reglamentos y Permisos, 23 L.P.R.A. sec. 72c(c), la cual faculta a la Junta de Apelaciones para autorizar alivios administrativos a manera de concesión (variación).([3]) En reconsideración se reafirmó.

La Asociación acudió al foro judicial. El Tribunal Superior, Sala de San Juan, desestimó el recurso por alegados defectos procesales —no ajustarse estrictamente con las Reglas 6 y 7 de las Aplicables a los Recursos de Revisión de las Decisiones Administrativas, 4 L.P.R.A. Ap. VIII-A—y por enten-

---

([3]) En lo pertinente la referida disposición señala:

"(c) La Junta de Apelaciones celebrará una vista con notificación previa a la Junta de Planificación, la Administración y a las partes interesadas o afectadas, según aparezcan de su expediente, en la cual podrá recibir toda la prueba que resulte necesaria para adjudicar casos y deberá dictar su resolución dentro de los treinta (30) días siguientes a dicha vista. Deberá notificar su resolución a las partes interesadas, con copia a la Administración de Reglamentos y Permisos y a la Junta de Planificación.

"La Junta de Apelaciones podrá decretar a nivel apelativo cualquier orden, requerimiento, resolución o determinación que a su juicio deba dictarse: (1) por motivo de perjuicios ocasionados por circunstancias especiales o extraordinarias cuando la actuación o resolución de la cual se apela resulta en una prohibición o restricción irrazonable del derecho del apelante al uso y disfrute de su propiedad; (2) por denegaciones viciosas para emitir los permisos necesarios; o (3) por cualesquiera otras razones autorizadas en los reglamentos de la Junta de Planificación de Puerto Rico y de la Administración de Reglamentos y Permisos adoptados o aprobados a virtud de las secs. 62 a 63j de este título, este Capítulo o cualquiera otra ley, y, a tal fin, la Junta de Apelaciones tendrá los mismos poderes del funcionario u organismo de cuya actuación se apela, remitiendo copia de su determinación a la Junta de Planificación y a la Administración de Reglamentos y Permisos." 23 L.P.R.A. sec. 72c(c).

der que "[p]resumiendo que tuviéramos discreción para expedir el auto, no se ha demostrado que la Junta cometiera error de derecho que dé lugar a intervención judicial". Sentencia de 19 de septiembre de 1984.

En revisión, la Asociación nos señala como infracciones la desestimación procesal y la determinación de ausencia de error de derecho. Emitimos orden de mostrar causa por la cual no deberíamos revocar.

## II

En cuanto al aspecto procesal, concluimos que la Asociación cumplió sustancialmente con los requisitos plasmados en las reglas sobre revisión de decisiones administrativas. El único documento que no fue incluido por inadvertencia en la solicitud de revisión fue la moción de reconsideración presentada por la recurrente a la Junta de Apelaciones. Una vez advertido, la presentó al tribunal inmediatamente. En estas circunstancias debió entenderse que el recurso quedó perfeccionado.

Superada la cuestión procesal concentramos en el señalamiento de que la Junta de Apelaciones erró al confirmar a A.R.P.E. al conceder un permiso de uso provisional por quinto año consecutivo. Las partes reproducen los argumentos vertidos a través de todo el trámite inferior.

En síntesis, la Asociación argumenta que el Reglamento de Zonificación sólo autoriza el permiso provisional por un año y una prórroga por igual término.

Al contrario, la Junta de Apelaciones sostiene —a pesar de que su resolución no lo indica claramente— que confirmó al amparo de la Sec. 53.01 y no de la Sec. 53.02 (4) como indica la recurrente. Bajo esta premisa argumenta que no existe la limitación máxima de dos años y que posee, al igual que A.R.P.E., discreción para autorizar concesiones (variaciones) por el término que estime conveniente, a tenor con los hechos específicos de cada caso. En apoyo de su tesis aduce que en

ocasiones A.R.P.E. ha prorrogado el permiso provisional hasta ocho (8) años.

El concesionario licenciado Lasa coincide con la Junta de Apelaciones. Sostiene que está autorizada, bajo el transcrito Art. 31 (c) de la Ley Núm. 76 de 24 de junio de 1975, *supra*, y la Sec. 53.01 (4) del Reglamento, a otorgar alivios administrativos por vía de concesiones en casos donde estén presentes circunstancias especiales que lo justifiquen. Finalmente, A.R.P.E. reproduce básicamente igual señalamiento.

En resumen, las cuestiones planteadas revisten de gran interés público. Los residentes de un área clasificada como *residencial*, con densidad intermedia, intentan proteger la seguridad, integridad y el carácter de su vecindario contra la decisión administrativa de variar en la práctica tal uso, mediante permisos provisionales indefinidos.

## III

■ El propósito del Distrito R-3 está especificado en el Reglamento de Zonificación:

> Este distrito de densidad poblacional intermedia se establece para clasificar áreas residenciales desarrolladas o que puedan desarrollarse y en donde se permitirán diferentes tipos de viviendas en solares de trescientos (300) metros cuadrados o más. Reglamento de Zonificación, *supra,* Sec. 9.01.

Los usos permitidos los establece la Sec. 9.02 del susodicho Reglamento:

> En los Distritos R-3 se usarán los edificios o pertenencias para los fines expuestos a continuación:
>
> (1)—Casas de una o dos familias.
>
> (2)—Casas en hilera, de acuerdo con lo establecido en la Sección 25.00 del Tópico 5 de este Reglamento.
>
> (3)—Casas de apartamientos, de acuerdo con lo establecido en la Sección 26.00 del Tópico 5 de este Reglamento.
>
> (4)—Otros usos de acuerdo con lo establecido en la Subsección 54.03 del Tópico 16 de este Reglamento.

Notamos que la detallada Sec. 54.03 del Tópico 16 (Autorizaciones Directas) aludida, en el inciso (4) de la Sec. 9.02, *no* permite el uso de una estructura localizada en un Distrito R-3, para oficina de abogados. Por lo tanto, el uso solicitado no está autorizado. (4)

▇▇ Para evitar que el Reglamento de Zonificación se convierta en un instrumento de planificación inflexible que impida amoldarse a situaciones extraordinarias, el Reglamento provee el mecanismo denominado "concesiones" (variaciones). *Quevedo Segarra* v. *J.A.C.L.*, supra. Es sobre la aplicabilidad de estas disposiciones, los permisos provisionales correspondientes, así como su interpretación y prelación, que versan las controversias fundamentales de este recurso.

▇▇ En lo pertinente al caso de autos, entre las funciones más importantes de A.R.P.E. está la de "[a]plicar y velar el cumplimiento de sus propios reglamentos, de los Reglamentos de Planificación que haya adoptado o adopte la Junta de Planificación de Puerto Rico para el desarrollo, subdivisión y uso de terrenos y para la construcción y uso de edificios, así como el cumplimiento de toda ley estatal, ordenanza, o reglamentación de cualquier organismo gubernamental que regule la construcción en Puerto Rico". 23 L.P.R.A. sec. 71d (p). En el descargo de estos atributos, en la función adjudicativa discrecional de concesiones y autorizaciones directas, su Administrador "deberá seguir el procedimiento de vista pública y notificación dispuestos en este Capítulo". 23 L.P.R.A. sec. 71f. Toda decisión, actuación o resolución al respecto deberá contener determinaciones de hecho y conclusiones de derecho. Finalmente, la ley dispone que:

---

(4) Debido a su extensión, hemos omitido reproducirla. Valga aclarar que no tenemos que expresarnos en este momento sobre el alcance de la Sec. 54 del Reglamento de Zonificación (Reglamento de Planificación Núm. 4).

El Administrador *podrá dispensar del cumplimiento de los requisitos de los Reglamentos de Planificación de conformidad con lo establecido en los mismos,* en casos donde la aplicación literal de sus disposiciones resultare en la prohibición o restricción irrazonable del disfrute de una pertenencia o propiedad y se demuestre a su satisfacción que dicha dispensa aliviará un perjuicio claramente demostrable, pudiendo imponer las condiciones que el caso amerite para beneficio del interés público.

*El Administrador podrá, además, conceder todas aquellas concesiones y autorizaciones directas que se disponga en los Reglamentos de Planificación siguiendo el procedimiento establecido en los mismos.*

De las determinaciones del Administrador sobre solicitudes de autorizaciones directas o concesiones podrá apelarse a la Junta de Apelaciones sobre Construcciones y Lotificaciones. (Énfasis suplido.) 23 L.P.R.A. sec. 71i.

■ Relativo al poder de concesiones y como complemento de estas disposiciones de ley, la Sec. 53.01 del Reglamento de Zonificación, *supra*, establece que:

. . . [P]odrá hacer concesiones en los requisitos de este Reglamento en casos donde una aplicación literal de los mismos resultare en la prohibición o restricción irrazonable del disfrute de una pertenencia; y donde se demuestre que la concesión aliviará un perjuicio claramente demostrable, o ha de redundar en los mejores intereses de la comunidad y el sector. Las concesiones bajo estas disposiciones no constituirán enmiendas a los límites de cualquier distrito o disposición sobre zonificación contenida en este Reglamento y concurrirán en cada caso por lo menos una de las siguientes circunstancias especiales:

(1) La forma irregular de un solar.

(2) El tamaño de un solar bajo el mínimo requerido.

(3) Condiciones topográficas escarpadas.

(4) Otras circunstancias excepcionales.

Cuando el Administrador de Reglamentos y Permisos lo estime necesario se celebrarán vistas públicas con notificación a las partes.

■ De los preceptos estatutarios y reglamentarios expuestos surge que el mecanismo de concesiones (variaciones) —cuya celebración de vistas públicas queda al ejercicio discrecional del Administrador— faculta a éste para eximir del cumplimiento riguroso del Reglamento, e incluye usos y limitaciones en las características de tamaño, construcción física o alteraciones estructurales, en atención a dos intereses. El primero, eminentemente privado, fundado en aliviarle un perjuicio real provocado por la inflexible aplicación del Reglamento, que resulta en una irrazonable privación del uso de la propiedad por su dueño. Y el segundo, basado en un resultado de beneficio comunitario. La concesión no implica una enmienda a la zonificación y debe concurrir, al menos, una de las circunstancias observadas en éste. En resumen, es evidente que tanto A.R.P.E. como la Junta de Apelaciones pueden directamente conceder permisos *permanentes* por "concesiones" si concurren las circunstancias contempladas en la Sec. 53.01 del Reglamento.

■ En lo que atañe al uso no conforme, este enfoque armoniza con lo pautado en *López* v. *Junta Planificación,* 80 D.P.R. 646, 654 (1958), respecto a que una concesión (variación) constituye un permiso singular para dedicar la propiedad a un uso prohibido por las restricciones impuestas a una zona o distrito. Se conceden para evitar daños en circunstancias extraordinarias. Según surge de la sección precedente, van dirigidas principalmente —aunque no limitado a ello— a salvar situaciones anormales que existen en casos de solares irregulares o pequeños con menor área de la mínima establecida para edificar, conforme el uso programado para el dis-

trito correspondiente, e impiden el mejor disfrute de la propiedad. (⁵)

La Sec. 53.02, en adición al contenido general de la anterior disposición reglamentaria, provee para distintos casos especiales. En lo pertinente a la situación de autos dispone:

"La Junta [o A.R.P.E. por delegación de ésta], podrá tomar la acción que estime necesaria sobre los siguientes casos *sujeta a lo anteriormente dispuesto y en la forma siguiente*:

. . . . . . . .

(4)—Concediendo *permisos temporeros para usos no-conformes*, sujeto a condicciones razonables para la debida protección del interés y bienestar público, siempre que no esté envuelta la erección de estructuras permanentes. *Cada permiso de uso temporero tendrá una vigencia no mayor de un (1) año, pudiendo ser prorrogados hasta un máximo de un (1) año adicional.*" (Énfasis suplido.) (⁶)

■ Si suponemos que el aquí recurrido Lasa cumplió y demostró el requisito establecido en la Sec. 53.01 (4), esto es, circunstancias extraordinarias, la Sec. 53.02 (4), expresamente provee que estos permisos de *uso no conformes* —e.g., oficina de abogado en un Distrito Residencial R-3— serán *temporeros*, por un término original no mayor de un año y una sola prórroga por igual tiempo. Por ende, la Junta de Apela-

---

(⁵) Nótese que en autos *no* confrontamos una situación de uso *no conforme legal* o de condiciones excepcionales que impidan la utilización de la propiedad en consonancia con los propósitos del Distrito R-3. Reglamento de Zonificación, *supra*, Secs. 2.29, 53.01 (4).

El Reglamento define, en su Sec. 2.29 del Tópico 1 la No-Conformidad legal como: "Condición o uso de una pertenencia que no contemporiza o esté en armonía con las disposiciones de este Reglamento para el distrito de zonificación en que ésta ubica y que existía legalmente a la fecha de vigencia de este Reglamento, un Mapa de Zonificación, un Mapa Oficial para el área en que ésta ubica, o las enmiendas a los mismos."

(⁶) La Sec. 2.44 del Tópico 1 define el Uso No Conforme; señala:

"Uso o edificio que no contemporiza en ubicación, tamaño u operación con lo establecido para el distrito de zonificación en que ubique la pertenencia, o que no esté en armonía con las disposiciones de este Reglamento." Reglamento de Zonificación, *supra*, Sec. 2.44.

ciones no podía ampararse en la regla general (Sec. 53.01) para circunvalar la regla especial o particular. Por otro lado, las disposiciones del Reglamento que permiten flexibilidad cuando se confrontan situaciones de barreras físicas infranqueables en determinado distrito, no rigen en circunstancias donde no existen tales obstáculos. Tampoco éstas pueden fundamentar la concesión *ad infinitum* de permisos de *uso no conformes* temporeros para servicios no autorizados en ese distrito a menos que, previo el trámite correspondiente, se estableciera que cumplían con los requisitos de la Resolución de la Junta de Planificación de 19 de enero de 1982, hasta que ésta fue derogada el 11 de abril de 1985.

En virtud de lo expuesto, resolvemos que la concesión de un permiso de *uso no conforme temporero* no autorizado por la Sec. 54.03 para el Distrito R-3, o que no cumplía, durante su vigencia, con los criterios establecidos en la Resolución JPI-4-2, está condicionado y sujeto al período de tiempo máximo provisto en la Sec. 53.02 (4) del Reglamento de Zonificación. Si sancionáramos favorablemente que en todos aquellos casos donde existen "otras circunstancias excepcionales" puede válidamente otorgarse y obtenerse permisos "provisionales" de uso no conformes *indefinidamente*, de año en año, contradiríamos la letra expresa del Reglamento. Además, asestaríamos un rudo golpe al instrumento de la *zonificación* para guiar nuestro desarrollo urbano y calidad de vida. La zonificación no es inflexible y por ello existen mecanismos formales para que la Junta de Planificación rezonifique cuando lo amerite. Concluimos que no existe facultad para conceder un permiso de uso no conforme temporero con la zonificación del sector afectado por un término mayor de dos años como se autorizó en el caso de autos. (⁷)

---

(⁷) Al adoptar esta decisión, no estamos ajenos al impacto de la misma, presumiblemente sobre miles de estructuras en que se hayan concedido permisos análogos, cuyo término máximo de dos (2) años esté vencido o próxi-

■ Debemos puntualizar que en *Asoc., C.D. Octubre* v. *J.A.C.L.*, 116 D.P.R. 326 (1985), adoptamos en esta jurisdicción la norma de la autoinflicción del daño. Como regla general, esta doctrina impide la solicitud y concesión de una variación en casos en que el promovente —conociendo las limitaciones impuestas por los requisitos de zonificación— se coloca voluntariamente en una posición que le ocasiona perjuicio irrazonable. Véanse: 3 *Anderson, Am. Law of Zoning* Secs. 18.42, 18.43 (2da ed. 1977) ; D. G. Hagman & J. C. Juergensmeyer, *Urban Planning and Land Development Control Law*, St. Paul, Minn., West Publ. Co., 1986, pág. 204.

■ *Se dictará sentencia y revocará la resolución de la Junta.* (⁸)

El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión escrita. Los Jueces Asociados Señores Ortiz y Hernández Denton se inhibieron. La Juez Asociada Señora Naveira de Rodón no intervino.

---

mo a vencer. Nuestro mandato no debe entenderse como uno férreo e inflexible. El mismo no es incompatible con que reconozcamos la discreción de que goza A.R.P.E. para evaluar los permisos *sua sponte* o a petición de la parte interesada. Dicho organismo proveerá los remedios apropiados disponibles en la ley o el reglamento.

(⁸)No tenemos que discutir en esta ocasión el valor que tienen ante A.R.P.E. o la Junta las servidumbres en equidad que puedan existir en determinado vecindario y el deber de aquellas agencias cuando se planteen éstas ante su consideración, sobre todo cuando un tribunal ha adjudicado su validez. Véanse: *Pérez* v. *Pagán*, 79 D.P.R. 195, 199 (1956) ; *Asoc. V. Villa Caparra* v. *Iglesia Católica*, 117 D.P.R. 346 (1986).

Mediante sentencia fechada 23 de septiembre de 1983, que advino final y firme, el Tribunal Superior, Sala de San Juan determinó que las condiciones impuestas mediante servidumbre en equidad se encontraban vigentes con todo valor y efecto legal. *Asoc. Residentes de Baldrich, Inc., etc.* v. *Armando Figueroa Toro, etc.*, PE-82-865.