# 2006 DTA 40

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN**
**PANEL IV**

NANCY HERNÁNDEZ CHÁVEZ; RAFAEL DE AYALA; TU CASA GUEST; TU CASA BOUTIQUE HOTEL; TU CASA GUEST OCEAN PARK, INC; OCEAN BAY PROPERTIES, INC.
Querellados-Recurrentes

v.

VECINOS DE LA CALLE CACIQUE DE OCEAN PARK
Querellantes-Recurridos

ADMINISTRACION DE REGLAMENTOS Y PERMISOS
Agencia Recurrida

CALIDAD DE VIDA VECINAL
Interventores-Recurridos

Núm. KLRA-2004-00823

San Juan, Puerto Rico, a 27 de enero de 2006

Panel integrado por su Presidente, el Juez Ortiz Carrión, y
los Jueces Rivera Román y Piñero González

SENTENCIA

## TEXTO COMPLETO DE LA SENTENCIA

Nancy Hernández Chávez, Tu Casa Guest Ocean Park Inc., (en adelante TCGH), solicitan revisión de una resolución emitida por la Administración de Reglamentos y Permisos (ARPE), el 2 de agosto de 2004, mediante la cual, dicha agencia revocó los Permisos de Uso núm. 01PUI-00000-03379 y núm. 02PUI-00000-02775, expedidos para la operación de una hospedería en un Distrito Residencial Turístico 3 (RT-3).

Examinemos el trasfondo fáctico y procesal que motivó la presentación del recurso de epígrafe.

## I

El 20 de agosto de 2001, a solicitud de TCGH, ARPE expidió el Permiso de Uso número 01PUI-00000-03379, para la operación de una hospedería en dos propiedades ubicadas en la calle Cacique núm. 2071 y 2073 de

Ocean Park. Dicho permiso prohibió la operación de una barra y autorizaba la venta de bebidas alcohólicas exclusivamente a sus huéspedes en horario de 7:00 a.m. a 9:00 p.m. Este permiso estaba condicionado a que la operación de la hospedería se llevara a cabo de forma ordenada, que proveyera los estacionamientos requeridos y limitó el número de habitaciones a diecinueve (19). Dispuso expresamente que cualquier intensificación del uso conllevaría la revocación sumaria del mismo.

Como parte de un proyecto de ampliación de la hospedería autorizada, TCGH solicitó a ARPE un permiso para utilizar con estos fines otra propiedad ubicada en la Calle Cacique núm. 2069. El 14 de octubre de 2002, ARPE expidió el Permiso número 02PUI-00000-02775, que autorizó el uso de una hospedería en dicho predio, condicionado a que su operación fuese ordenada y con los espacios de estacionamiento requeridos. ARPE advirtió también, que una intensificación en el uso conllevaría la revocación sumaria del permiso.

El 15 de octubre de 2002, vecinos de la calle Cacique de Ocean Park, presentaron ante ARPE la Querella número 02QUI-00000-0766, en la que impugnaron el Permiso de Uso núm. 01PUI-00000-03379, expedido a las propiedades ubicadas en la calle Cacique 2071 y 2073. El 4 de noviembre de 2002, TCGH solicitó un Permiso de Uso comercial para hospedería, restaurante y barra para dichas propiedades. (02PUI-00000-07543)

Mediante cartas de 6 de diciembre de 2002, 18 de febrero de 2003, 7 de agosto de 2003 y 15 de marzo de 2004, los querellantes suplementaron su querella y añadieron a su queja violaciones continuas a los permisos expedidos.

El 17 de julio de 2003, mediante la Querella Núm. 03QUI-00000-04618, otros vecinos solicitaron la revocación del Permiso núm. 02PUI-00000-02775 concedido para la propiedad ubicada en la calle Cacique 2069. Ante tal situación, ARPE determinó consolidar para fines de adjudicación las Querellas Núm. 02QUI-00000-0766 (de 15 de octubre de 2002) y la Núm. 03QUI-00000-04618 (de 17 de julio de 2003).

El 12 de agosto de 2003, ARPE emitió notificación de Vista Administrativa sobre posible revocación de permiso de uso, a celebrarse el 3 de septiembre de 2003. En dicha notificación, ARPE apercibió a TCGH de dichas imputaciones de intensificación del uso de hospedería a club nocturno con música en vivo, venta de bebidas alcohólicas a clientes que no son huéspedes y operación en exceso del horario autorizado. Se advirtió, además, a la recurrente que su operación afecta el área residencial por exceso de ruidos y falta de estacionamiento.

El 27 de agosto de 2003, TCGH solicitó suspensión de la vista administrativa. ARPE no contestó la solicitud de suspensión, por lo que la misma se celebró en la fecha señalada, sin la comparecencia de TCGH. Los querellantes presentaron su prueba. TCGH obtuvo una transcripción de la vista y el 2 de abril de 2004 continuó la vista administrativa con la comparecencia de todas las partes. Allí, TCGH presentó prueba, contrainterrogó los testigos que declararon en la vista de 3 de septiembre de 2003, e hizo sus planteamientos de derecho.

El 2 de abril de 2004, ARPE realizó una inspección ocular en las propiedades objeto de los permisos de uso, ubicadas en la calle Cacique 2071, 2073 y 2079.

El 2 de agosto de 2004, ARPE emitió Resolución en la que revocó los Permisos de Uso núm. 01PUI-00000-03379 (Cacique 2071 y 2073) y núm. 02PUI-00000-02775 (Cacique 2069), por intensificación del uso autorizado y resolvió que la operación del negocio ha afectado la salud, la seguridad y el bienestar de los vecinos. ARPE denegó también la solicitud de permiso núm. 02PUI-00000-07543 para la operación de una barra y restaurante en las propiedades de la calle Cacique.

La agencia concluyó, además, que originalmente, para la concesión del permiso Núm. 01PUI-00000-03379 debió haberse celebrado una vista, toda vez que el uso de hospedería en dichas propiedades fue interrumpido por

dueños anteriores.

Inconforme con el dictamen, el 13 de octubre de 2004, TCGH presentó el presente recurso con una Moción en Auxilio de Jurisdicción para que paralizáramos los efectos de la resolución recurrida. Dicha petición fue denegada.

En su petición de revisión, la recurrente sostiene, en síntesis, que la convocatoria a la vista para revocación del Permiso de Uso de la hospedería, no cumplió con los criterios mínimos de notificación, requeridos por el debido proceso de ley, la Ley de Procedimiento Administrativo Uniforme y el Reglamento de Procedimientos Adjudicativos de ARPE.

Señala, además, que erró ARPE al determinar que la recurrente utilizaba una habitación adicional a las diecinueve (19) autorizadas por el permiso de uso y al concluir que la hospedería no tenía los estacionamientos requeridos por la reglamentación vigente.

TCGH sostiene que es errada la determinación de la agencia de que las propiedades de la calle Cacique 2071 y 2073 no fueron utilizadas continuamente como hospederías y que por ello era necesario celebrar una vista para la concesión del permiso de uso a la recurrente como nueva dueña.

Por último, arguye la recurrente que incidió ARPE al revocar los permisos por intensificación del uso. Entiende que existe desproporcionalidad entre las alegadas violaciones y el castigo impuesto.

Examinados los escritos de las partes, la comparecencia de la agencia recurrida, y la transcripción de la prueba oral, a la luz del derecho aplicable, resolvemos.

## II

Los señalamientos de error cuestionan tanto el procedimiento de ARPE para la revocación de los permisos de uso como la sanción impuesta por la agencia por el incumplimiento con sus términos y condiciones. Por estar éstos estrechamente relacionados, los abordamos y discutimos conjuntamente.

Es doctrina reiterada que las determinaciones y conclusiones de los organismos administrativos especializados merecen gran consideración y respeto. Estas serán sostenidas por el Tribunal si se fundamentan en evidencia sustancial que obre en el expediente administrativo. Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2175; *Asoc. Vec. H. San Jorge v. U.Med. Corp.* 150 D.P.R. 70 (2000); *Misión Ind. P.R. v. J.C.A.* 145 D.P.R. 908 (1998); *Fuertes v. A.R.P.E. II,* 134 D.P.R. 947 (1993), 138 D.P.R. 200 (1995); *Metropolitana, S.E. v. A.R.P.E,* 138 D.P.R 200, 213 (1995).; *Murphy Bernabé v. Tribunal Superior,* 103 D.P.R. 692, 699 (1975). Evidencia sustancial es aquella evidencia que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Hilton Hotels. v. Junta de Salario Mínimo,* 74 D.P.R. 671 (1953). Conclusiones de derecho que no involucren interpretaciones efectuadas dentro del ámbito de especialización de la agencia son revisables en toda su extensión. *Rivera v. A&C Development Corp.,* 144 D.P.R. 450 (1997). Esta deferencia al *expertise administrativo* cede, además, cuando la agencia actúa de forma arbitraria, irrazonable o ilegal, o cuando hay ausencia de prueba adecuada o se cometió error manifiesto en la apreciación de la misma. *Oficina de Etica Gubernamental v. Rodríguez,* **2003 J.T.S. 51**; *T-JAC, Inc. v. Caguas Centrum Limited,* 148 D.P.R. 70 (1999).

La Constitución del Estado Libre Asociado de Puerto Rico en su Art. II, Sec. 7, 1 L.P.R.A., garantiza que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. En su vertiente procesal, la cláusula del debido proceso de ley impone las garantías procesales mínimas que el Estado debe proveerle a un individuo al afectarle un interés propietario o libertario. *"El procedimiento debe ser fundamentalmente justo al individuo en la resolución de los hechos y derechos que sirven de base para aquellas acciones gubernamentales*

*que le privan de su vida, libertad o propiedad. Si bien situaciones diferentes pueden imponer diferentes tipos de procedimientos, siempre está el requisito general de que el proceso gubernamental sea justo e imparcial." Rivera Santiago v. Srio. de Hacienda*, 119 D.P.R. 265, 274 (1987).

En lo referente al requisito de notificación de vista, la Sección 3.9 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2159, y la Sección 20.03 del Reglamento de Procedimientos Adjudicativos de A.R.P.E., (RPA-ARPE) Reglamento Núm. 6435 de 16 de agosto de 2002, disponen que la agencia notificará la fecha, hora y lugar de la vista con no menos de quince (15) días de anticipación a la fecha señalada y que el aviso contendrá lo siguiente:

*"(a) Fecha, hora y lugar en que se celebrará la vista, así como su naturaleza y propósito.*

*(b) Advertencia de que las partes podrán comparecer por derecho propio o asistidas de abogados incluyendo los casos de corporaciones y sociedades.*

*(c) Cita de la disposición legal o reglamentaria que autoriza la vista.*

*(d) **Referencia a las disposiciones legales o reglamentarias presuntamente infringidas, si se imputa una infracción a las mismas, y a los hechos constitutivos de tal infracción.***

*(e) Apercibimiento de las medidas que la agencia podrá tomar si una parte no comparece a la vista.*

*(f) Advertencia de que la vista no podrá ser suspendida." (Énfasis suplido)*

En el caso que nos ocupa, argumenta la recurrente que el Aviso de Vista Administrativa es defectuoso porque identifica como las disposiciones legales infringidas las secciones 2.02, 2.04, 2.08, 8.02 y 8.02b del Reglamento de Ordenación Territorial del Municipio de San Juan, vigente desde el 13 de marzo de 2003, (Reglamento del POT). Entiende que en lugar del Reglamento del POT le aplica el Reglamento de Planificación Núm. 4, vigente desde el 5 de noviembre de 2000. No tiene razón.

La Ley de Municipios Autónomos de Puerto Rico, (LMA), Ley Núm. 81 de 30 de agosto de 1991, 21 L.P.R. A. sec. 201 *et seq.*, dispone que una vez el Plan Territorial de un municipio entre en vigor, toda decisión sobre el uso del suelo se hará de conformidad con el mismo. Art. 13.005 de la LMA, 21 L.P.R.A. sec. 4603. Particularmente, el Artículo 13.020 de la LMA, establece que los reglamentos de la Junta de Planificación o de la Administración de Reglamentos y Permisos serán de aplicación hasta que los nuevos Reglamentos y Planos de Ordenación entren en vigor. 21 L.P.R.A. sec. 4618. Cónsono con ello, la Sección 1.06(a) del Reglamento de Ordenación Territorial de San Juan (POT), vigente desde 13 de marzo de 2003, dispone que éste aplicará a todo uso de cualquier propiedad en la jurisdicción del Municipio de San Juan. El Reglamento de Ordenación Territorial establece, además, que sus disposiciones *"**prevalecerán y se complementarán** con las disposiciones de cualquier otro reglamento de planificación o documento en vigor que sea aplicable al caso en particular". (Énfasis suplido)*. Sección 1.09 (b) del Reglamento del POT.

De una lectura de este cuerpo de normas, se desprende claramente que las disposiciones del POT aplican y se complementan con los reglamentos de planificación. El Reglamento del POT estaba vigente a la fecha en que ARPE emitió la Notificación de Aviso de Vista. De otra parte, las disposiciones del Reglamento del POT, citadas en el aviso de vista, referentes al Distrito Residencial Turístico 3 (RT-3), tampoco están en conflicto con el Reglamento de Zonificación, Reglamento de Planificación Núm. 4.

Al momento de la notificación del Aviso de Vista, el Plan de Ordenamiento Territorial ya había entrado en vigor, por lo que la agencia recurrida cumplió con su deber al citar en el aviso las disposiciones del POT que no

entran en conflicto con el Reglamentos de Planificación Núm. 4. Además, las alegadas infracciones continuas ocurrieron durante la vigencia del reglamento del POT. El planteamiento de la recurrente de que se trata de un caso de aplicación retroactiva de un estatuto, carece de méritos. Es principio conocido la supremacía de la ley más reciente sobre la anterior. *Flamboyán Gardens v. Junta de Planificación*, 103 D.P.R. 884, 888 (1975).

La notificación de vista de ARPE imputa infracción a los términos y condiciones del permiso expedido durante la vigencia del Reglamento de Planificación Núm. 4 y hace referencia, inclusive, a los hechos constitutivos de la infracción. Además, los permisos de uso bajo los cuales opera la hospedería advertían sobre las condiciones para su operación y las consecuencias de su incumplimiento, por lo que la recurrente no puede afirmar desconocimiento sobre los hechos constitutivos de las infracciones imputadas. En *Rodríguez v. Tribunal Superior*, 104 D.P.R. 335 (1975), nuestro más alto Foro reafirmó que *"[e]l debido proceso de ley ofrece protección contra la arbitrariedad administrativa, pero no es molde rígido que prive de flexibilidad en toda instancia los procedimientos de administración. No se trata aquí, por supuesto, de la negación de la oportunidad de ser oído en una etapa significativa de la causa."* El procedimiento iniciado por la agencia satisface las exigencias mínimas del debido proceso de ley. Véase, además, *Hernández González v. Izquierdo Encarnación,* **2005 J.T.S. 44**.

Entiende también la recurrente que la consolidación de los procedimientos para revocar los permisos fue improcedente, toda vez que éstos se concedieron sobre propiedades distintas y que por ello la notificación para la revocación del uso de hospedería no fue adecuada. Se equivoca.

Coincidimos con la agencia recurrida en que estas propiedades tenían un uso común, o la misma finalidad. Alguna de la prueba documental que forma parte del expediente, consiste de varios memorandos suscritos por la Presidenta de la hospedería *"Tu Casa Guest"*, Sra. Nancy Hernández, y dirigidos a ARPE en los que ésta afirma que su intención es incorporar al proyecto de Tu Casa Guest House, la propiedad ubicada en la calle Cacique 2069 (Permiso núm. 02PUI-00000-02775). Como parte de esta extensión, la Sra. Hernández también solicitó el permiso para la venta de bebidas alcohólicas en Cacique 2069. █ Por las propias manifestaciones de la recurrente dicho uso era parte integral de la operación de Tu Casa Guest.

Es doctrina reiterada que nadie puede ir ni obrar en contra de sus propios actos. El contenido de la norma de que a nadie le es lícito ir contra los propios actos tiene fundamento y raíz en el principio general de Derecho que ordena proceder de buena fe en la vida jurídica. La conducta contradictoria no tiene lugar en el campo del Derecho, y debe ser impedida. *Int. General Electric v. Concrete Builders*, 104 D.P.R. 867, 876-877 (1976).

ARPE no abusó de su discreción al consolidar el procedimiento para la revocación de los permisos a la hospedería. Lo contrario, implicaría resolver como un caso aislado lo relativo a la propiedad ubicada en la calle Cacique #2069 cuando, como cuestión de hecho, este uso es una extensión de la operación de Tu Casa Guest.

En el caso ante nos, la notificación de ARPE fue adecuada, toda vez que incluyó las infracciones imputadas y la sanción que conlleva violar las condiciones impuestas en los permisos de uso. Además, los permisos expedidos advertían sobre las consecuencias de incumplir las condiciones para la operación del negocio.

De otra parte, surge de la transcripción de la vista y de la relación de hechos de la resolución recurrida que el representante legal de la recurrente, Lcdo. Fernando Molini, expresó que el alegado defecto en el Aviso de Vista Administrativa quedó subsanado mediante la celebración de la vista del 2 de abril de 2004. █ Éste manifestó que el planteamiento era académico, toda vez que los testigos volverían a declarar y que *"la vista se repetirá de facto"*. █ Los actos y expresiones de un abogado obligan a su cliente, toda vez que éste actúa como su agente en virtud de un contrato de arrendamiento de servicios. Artículo 1434 del Código Civil, 31 L.P.R.A. sec. 4013.

Cuando una agencia lleva a cabo un procedimiento adjudicativo formal, la Sección 3.1 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2151, le impone a ésta el deber de garantizar los siguientes derechos: *"(A) Derecho a notificación oportuna de los cargos o querellas o reclamos de una parte. (B) Derecho a presentar evidencia. (C) Derecho a una adjudicación imparcial. (D) Derecho a que la decisión sea basada en el expediente."* 3 L.P.R.A. sec. 2151.

La recurrente fue oportunamente notificada de las querellas presentadas en su contra y participó activamente en el procedimiento adjudicativo de ARPE, mediante su comparecencia a la vista en la que presentó prueba y contrainterrogó testigos.

En el proceso administrativo, las garantías fundamentales se violan si no se le concede a la parte la oportunidad de confrontarse con la prueba y de responder a ella. El principio de exclusividad del récord se violenta y el derecho a vista pública no tendría sentido si el organismo administrativo basa su decisión en prueba recibida sin el conocimiento de las partes, fuera de la vista celebrada y sin darle oportunidad a las partes de rebatirla mediante el contrainterrogatorio de testigos o mediante la presentación de prueba a estos efectos. 3 L.P.R.A. sec. 2151; *López v. Junta*, 80 D.P.R. 646, 670 (1958); *López v. Asoc. de Taxis de Cayey* , 142 D.P.R. 109 (1996) No es éste el caso ante nos.

En el caso de epígrafe, ARPE dio a la aquí recurrente todas las garantías procesales por lo que no se cometió el error señalado.

En lo referente a la determinación de ARPE de que la agencia debió haber celebrado una vista antes de conceder los permisos de uso objeto de revocación, la misma obedece a lo dispuesto en la Sección 3.02 del Reglamento de Zonificación, Reglamento de Planificación Núm. 4, y al testimonio del Sr. Gilberto Cabré, vecino de la calle Cacique. █ Éste declaró en la vista que antes de que la Sra. Hernández comprara la propiedad ubicada en la calle Cacique 2070 y 2073, ésta se había dejado de utilizar como hospedería por el dueño anterior quien la utilizó con fines residenciales.

La Sección 3.02 del Reglamento de Zonificación, Reglamento de Planificación Núm. 4, *supra*, dispone que *"si el uso para el cual se expide un permiso se descontinuara por un año o más, el mismo dejará de ser válido."*

Mediante Memorando de 5 de julio de 2003, la señora Hernández indicó que la hospedería anterior había cesado su operación por cuatro años. Por ello, la solicitud de la señora Hernández en el año 2001, para operar la hospedería Tu Casa Guest, debió considerarse como una nueva solicitud de permiso para una hospedería en un Distrito Residencial Turístico 3 (RT-3) y no como un cambio de nombre. Sección 3.17 del Reglamento de Zonificación, Reglamento de Planificación Núm. 4.

Aunque el requisito de vista pública para la concesión de un Permiso de Uso de hospedería en un Distrito Residencial Turístico 3 (RT-3) está contemplado por la Sección 84.00 del Reglamento Núm. 4, *supra*, el uso de hospedería está permitido, por dicha reglamentación, por la zonificación en la que ubica Tu Casa Guest.

Coincidimos con ARPE en cuanto concluye que erró al no celebrar una vista pública para la expedición de los permisos de uso y que un error de un organismo administrativo no obliga a éste ni impide su corrección. *Del Rey v. Junta*, 107 D.P.R. 348 (1978). No obstante, el mismo es inconsecuente en esta etapa, toda vez que la agencia adjudicó el caso como uno de revocación de permiso por intensificación de uso y violación a sus términos y condiciones y el uso de hospedería es uno permitido por la reglamentación vigente para el Distrito Residencial Turístico Tres (RT-3).

## III

La Sección 74.00 del Reglamento de Planificación Núm. 4, *supra,* establece como requisito en un Distrito Residencial Turístico Tres (RT-3), que por cada tres habitaciones de la hospedería exista por lo menos un (1) espacio de estacionamiento, los cuales, conforme a la Sección 37.12, no pueden estar en el patio delantero. De otra parte, la Sección 37.14 del Reglamento Núm. 4, y la Sección 8.02(1) del Plan de Ordenamiento Territorial requieren un espacio de carga y descarga que tenga ocho (8) metros por tres (3) metros, por cada 1500 metros cuadrados o fracción, para edificios con una cabida menor de 9,000 metros cuadrados.

La Sección 19.01 del Reglamento de Procedimientos Adjudicativos de ARPE (RPA-ARPE) confiere a dicha agencia dentro de su función fiscalizadora, la autoridad para revocar permisos de uso por infracción a los términos y condiciones del mismo. A estos efectos, la referida disposición establece que *"la función fiscalizadora de la agencia no culmina con la concesión del permiso"*. Sección 19.01 del RPA-ARPE.

De otra parte, la Ley de Procedimiento Administrativo Uniforme autoriza a las agencias a realizar inspecciones para asegurarse del cumplimiento de sus leyes y reglamentos. Cuando la inspección de una agencia se da al amparo de sus facultades de licenciamiento, concesión de franquicias, *permisos* u otras similares o en casos en que la información es obtenible a simple vista, no se requiere orden previa de registro. Sección 6.1 de la LPAU, 3 L.P.R.A. sec. 2192; *E.L.A. v. Coca Cola,* 115 D.P.R. 197(1984). Resulta adecuado considerar si el estatuto establece un esquema detallado para la concesión de licencia; si la operación está sujeta al cumplimiento de medidas de seguridad y operaciones estrictas y si la violación acarrea sanciones. *Pueblo v. Ferreira,* 147 D.P.R. 238 (1998).

En el caso ante nos, ARPE realizó una inspección ocular en la que corroboró el testimonio de los querellantes a los efectos de que la hospedería operaba con más habitaciones de las autorizadas en el permiso y que no tenían los espacios disponibles para estacionamientos, en violación a lo requerido en el permiso de uso. De la inspección ocular pudo corroborarse también que tanto los huéspedes como los empleados de Tu Casa Guest estacionan sus vehículos en la calle Cacique, por lo que la hospedería estaba en continuo incumplimiento con los términos del permiso de uso.

Tanto de la prueba oral no controvertida como de la prueba documental, surge también que la hospedería celebra regularmente actividades abiertas al público general en las que se venden bebidas alcohólicas a personas que no son huéspedes.

La Sección 6.4 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2194, como la Sección 5.06 del RPA-ARPE, *supra,* autorizan a ARPE a realizar inspecciones conjuntas con funcionarios de otras agencias con el objetivo de ampliar y facilitar la capacidad de fiscalizar el cumplimiento de las leyes especiales bajo su jurisdicción y de aquella compartida con otras agencias por las cuales también corresponda velar. Al amparo de estas disposiciones y de la solicitud de investigación de los vecinos de la calle Cacique, funcionarios del Departamento de Hacienda acudieron a la hospedería y allí, en violación a los términos del permiso de uso, se le vendieron bebidas alcohólicas sin éstos ser huéspedes. ■ El resultado de dicha inspección también forma parte del expediente administrativo.

## IV

TCGH conocía las limitaciones del ejercicio de su derecho propietario sobre los permisos de uso expedidos, por lo que los daños que reclama la recurrente, de éstos existir, serían autoinfligidos. *A.R.P.E. v. J.A.C.L.* 124 D. P.R. 858 (1989); *Asoc. Res. Baldrich, Inc. v. J.P. de P.R.,* 118 D.P.R. 759 (1987); *Asoc., C.D. Octubre v. J.A.C. L.,* 116 D.P.R. 326 (1985).

El interés propietario de la recurrente sobre la operación de la hospedería no es absoluto, toda vez que de la faz del Permiso de Uso se desprende que *"[e]l no operar o intensificar el Uso Autorizado conlleva la*

*Revocación Sumaria del mismo."* Dicho poder para revocar permisos por infracción a sus términos, es inherente a la autoridad de la agencia para concederlos y proviene de la Sección 19.01 del RPA-ARPE.

Las determinaciones de hechos de las agencias serán sostenidas por el Tribunal si se basan en evidencia sustancial que obra en el expediente administrativo. Sección 4.5 de la Ley Núm. 170, *supra,* 3 L.P.R.A. sec. 2175. Evidencia sustancial es aquella evidencia que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 D.P.R. 70. (2000); *Hilton Hotels v. Junta de Salario Mínimo*, 74 D.P.R. 670 1953). De igual manera, los tribunales deben sostener la imposición de la sanción determinada por la agencia cuando la decisión está basada en evidencia sustancial, no es *ultra vires*, y tenga una relación razonable con los actos que se quiere prohibir. Además, es preciso puntualizar que *"en la implantación de la ley y consecución de los objetivos legislativos, es la agencia, y no los tribunales, la que debe determinar cuál es la sanción aplicable en las distintas situaciones fácticas"*. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 D.P.R. 425 (1997); *OEG v. Román González*, Op. de 1 de mayo de 2003, **2003 J.T.S. 3.**

Las infracciones imputadas por los vecinos de la calle Cacique fueron probadas mediante prueba oral, inspección ocular e investigaciones conjuntas, por lo que éstas se basan en evidencia sustancial. La prueba demostró, además, que actuó correctamente ARPE al concluir que existe un patrón de conducta en la operación de la hospedería que afecta la salud, la seguridad y el bienestar de los vecinos.

Finalmente, recordemos que las determinaciones y conclusiones de los organismos especializados merecen gran consideración y respeto si están sustentadas por evidencia sustancial que obra en el expediente administrativo, como ocurre en el caso ante nuestra consideración. *Fuertes v. A.R.P.E. II,* 134 D.P.R. 947 (1993); 138 D.P.R. 200 (1995); *Metropolitana, S.E. v. A.R.P.E.* 138 D.P.R. 200, 213 (1995); *Murphy Bernabé v. Tribunal Suprerior,* 103 D.P.R. 692, 699 (1975).

## V

Ausente todo atisbo de pasión, prejuicio o parcialidad por parte de ARPE, concluimos que la agencia resolvió a base de prueba sustancial que obra en el expediente administrativo, y que adjudicó conforme a derecho, por lo que confirmamos su dictamen.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones