CARMEN, JOSÉ DOLORES, ANTONIO, VENANCIO Y ROSA MARÍA ROJAS TORRES, demandantes apelantes, *v.* ANTONIO PAGÁN SILVA y FABIÁN ROJAS, demandados apelados.

No. 5424.—*Sometido:* Abril 28, 1931. *Resuelto:* Mayo 1, 1931.

194

*E. Martínez Avilés,* abogado de los apelantes; *Isaías M. Crespo,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

▉ Tenemos ante nos la apelación interpuesta contra una resolución disolviendo una orden de entredicho (*restraining order*) y negándose a expedir un *injunction* preliminar. Estas controversias fueron señaladas para el 14 de julio de 1930 y resueltas el mismo día. Con anterioridad a esto, la corte dictó una orden suspendiendo todos los casos civiles señalados para juliò 14, incluídos en calendario general. Los apelantes no comparecieron en dicho día y se quejan de falta de debido proceso de ley.

Estamos bastante convencidos de que una orden general suspendiendo todos los casos civiles señalados para determinado día, no incluye la vista de una moción para disolver un interdicto prohibitorio y la de los méritos de un *injunction* preliminar propuesto. Por consiguiente, los apelantes debieron haber comparecido el 14 de julio.

▉ De todos modos, los demandantes apelantes radicaron una moción de reconsideración sobre la cual fueron oídos ampliamente, y se denegó la reconsideración. La vista de una moción sobre *injunction* preliminar depende en gran parte de la discreción de la corte sentenciadora, y no se re-

quiere gran formalidad, siempre que los demandantes tengan la oportunidad de ser oídos.

Sobre los méritos del caso, los apelantes no nos convencen de que la corte inferior cometió abuso de discreción al negarse a librar el auto de *injunction* preliminar. Cuestiones serias y dudosas de título estaban envueltas. Por ejemplo, dudamos si a un número de compradores posteriores podría imputárseles con éxito conocimiento de que una escritura original cuya nulidad se alega fué en realidad simulada. De conformidad con la corte inferior, no hallamos daños irreparables en el sentido de una corte de equidad, si los demandantes se ven compelidos a abandonar la finca por ellos ocupada. El resarcimiento de perjuicios es generalmente una compensación adecuada, y los apelantes no colocan su caso dentro de ninguna excepción.

*Debe confirmarse la resolución apelada.*