508

Sucn. de Carmen Figueroa Disdier y Miguel Olmedo, compuesta por sus herederos Carmen, Miguel y Javier Olmedo y José M. Rivero, demandantes y apelados, *v.* Domingo Hernández, demandado y apelante.

Núm. 10334.—*Sometido:* Mayo 3, 1951.  *Resuelto:* Mayo 10, 1951.

*E. Martínez Rivera,* abogado del apelante; *Harry M. Besosa,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Los demandantes y el demandado son dueños respectivamente de dos solares que colindan entre sí. Los primeros interpusieron este recurso para recobrar la posesión de una faja de terreno que existe entre las dos propiedades. Alegaron que una semana antes de radicar la petición en este caso, mientras estaban en posesión de esa faja de terreno, el demandado había derribado en gran parte la verja que separaba dichos solares, arrancado árboles que marcaban la colindancia y colocado postes indicativos de su intención de construir una nueva verja.

Juntamente con la petición de interdicto, los demandantes solicitaron una orden de entredicho para que el demandado dejara inmediatamente de arrancar los árboles y les entregara la faja de terreno aquí envuelta hasta que la corte determinara quién tenía derecho a la posesión. La corte inferior expidió una orden de entredicho ordenando al demandado "que desalojara" la faja de terreno en controver-

sia y que "cesen inmediatamente de seguir destruyendo propiedad y árboles de los demandantes" hasta que la corte resolviera los derechos de las partes. La orden también fijaba una fecha en la cual debía el demandado comparecer y mostrar causa por qué no se debía expedir un *injunction* preliminar hasta que se dictara sentencia en cuanto a la solicitud de interdicto.

El demandado radicó una "oposición" a la súplica de injunction preliminar. (¹)    En ella negaba que él hubiera destruído propiedad alguna de los demandantes o que hubiera tomado posesión de faja alguna de su terreno.    Alegó que desde 1940 ha estado en posesión de dicha faja de terreno y que ha arrancado algunos árboles de la misma y empezado a levantar una verja provisional con el fin de construir una casa.

El demandado radicó asimismo un "Requerimiento para Deslinde" dirigido a los demandantes "para determinar si los demandantes están en posesión de algún terreno que corresponda al solar del demandado que se describe como sigue (aquí se incluye la descripción del solar del demandado)."    En su último párrafo este requerimiento dice que se hace "porque el demandado cree de buena fe que tiene derecho a una porción de terreno de su solar cuya posesión ustedes reclaman en esta acción."

El demandado radicó una contestación a la petición de injunction posesorio sustancialmente en los mismos términos que su oposición a la solicitud de injunction preliminar. Además, la contestación contenía una contrademanda recabando de la corte inferior que decretara un deslinde y ordenara a los demandantes que entregaran al demandado la posesión de cualquier terreno que se establezca corresponde y pertenece al solar del demandado.

(¹) Como cuestión de hecho los demandantes nunca solicitaron el injunction preliminar.   Como hemos visto la petición solicitaba únicamente una orden de entredicho y el injunction posesorio.   Sin embargo, la propia corte inferior señaló la vista sobre la conveniencia de un injunction preliminar.

Los demandantes solicitaron la eliminación de la contrademanda. La corte inferior denegó la moción del demandado sobre el deslinde. Aun cuando la corte de distrito no dictaminó expresamente con respecto a la contrademanda, su actuación en cuanto a la solicitud de deslinde tuvo el efecto de declarar con lugar la moción de los demandantes para que se eliminara la contrademanda.

Se celebró una vista en relación con la solicitud de injunction preliminar. A base de la prueba presentada en dicha vista y de una inspección ocular, la corte inferior dictó sentencia final a favor de los demandantes. El caso se encuentra ante nos en apelación contra dicha sentencia.

■ El primer señalamiento es que la corte de distrito cometió error al expedir la orden de entredicho sin oír al demandado. Por sus propios términos la orden de entredicho expiró a los siete días de ser expedida. Por consiguiente no nos detendremos a determinar la cuestión académica sobre la validez. *Trigo Hermanos, etc.* v. *Sobrino de Izquierdo,* ante pág. 449.

■■ Por el segundo señalamiento se imputa error a la corte inferior al negarse a ordenar el deslinde solicitado por el demandado a tenor con la Regla 34 de las de Enjuiciamiento Civil.

De conformidad con la Regla 81(a), las Reglas de Enjuiciamiento Civil son de aplicación a una solicitud de injunction para recobrar la posesión de terreno. Pero cuando hicimos las Reglas aplicables a tales recursos, no modificamos su alcance. Únicamente quisimos proveer que los aspectos procesales de tal recurso serían gobernados por las Reglas. En consecuencia, aún es una acción posesoria dentro de la cual solamente puede litigarse el hecho de la posesión, y no el derecho a la posesión. El resolver que el demandado tenía derecho, como sostiene aquí, a radicar un requerimiento de deslinde que resolvería la cuestión del título o una contrademanda al mismo fin, equivaldría en efecto a abolir el

recurso de injunction para recobrar la posesión. Y lejos de abolirlo, lo que hace la Regla 81(a) es reafirmar su existencia.

Resolvemos que si bien las Reglas en general se aplican a este pleito, las Reglas 13 y 34 no pueden utilizarse para convertirlo en un pleito para dilucidar el título. Su uso para ese fin sería incompatible con la existencia continuada del recurso de injunction para recobrar la posesión, según se provee en la Regla 81(a). Visto lo anteriormente expuesto, reafirmamos nuestra decisión en *Rivera* v. *Cancel*, 68 D.P.R. 365, al efecto de que sólo el hecho de la posesión puede dilucidarse en esta clase de acciones. El caso de *Mena* v. *Llerandi*, 70 D.P.R. 176, es distinguible. En dicho caso, por estipulación de las partes, la acción posesoria fué sustituída por una de deslinde. El segundo error no fué cometido.

El tercero es que la corte de distrito erró al dictar sentencia en el caso por el resultado de la vista para el injunction preliminar.

Nadie niega que la corte inferior dictó sentencia final luego de celebrada una vista sobre la solicitud de injunction preliminar. El demandado solicitó la reconsideración por este fundamento. Al declararle sin lugar la moción, la corte inferior manifestó que las alegaciones en oposición al injunction preliminar eran sustancialmente las mismas que las contenidas en la contestación a la petición; que el demandado tuvo la oportunidad de presentar toda su prueba a la corte durante la vista del injunction preliminar; y que "El hecho que originalmente se citara para la vista de un injunction preliminar, no debe ser obstáculo, para que si el tribunal ha tenido ante sí todos los elementos de prueba necesarios para dictar un injunction para recobrar la posesión, no pueda hacerlo, máxime en un caso como éste en que todo lo que se ventila dentro del recurso, es el simple hecho de la posesión."

No podemos convenir con la corte inferior en el razonamiento antes expuesto. Como dijimos en *Echevarría et al.*

v. *Saurí*, 38 D.P.R. 737, 744, la corte sentenciadora puede conceder un injunction *pendente lite* en auxilio de su juris-·dicción en una acción de injunction para recobrar la pose-·sión. Pero bajo dichas circunstancias el propósito de un injunction preliminar sería únicamente preservar el statu quo hasta que se celebre el juicio en los méritos. Por ejem-·plo, tendría por miras evitar daños adicionales a la propie-·dad en controversia como los que se alega se realizaron en este caso. Pero la restitución de la posesión no puede de·ordinario concederse mediante el injunction preliminar cuando ésa es precisamente la única cuestión en controver-sia. Hacer esto sería en efecto resolver el caso en los méri-tos mediante una moción solicitando un remedio preliminar. Más bien, la corte inferior debe oír, a la mayor brevedad. posible, la solicitud de injunction posesorio y solamente en-tonces restituirle la posesión a los demandantes si la prueba así lo justifica.

Aun en una acción de injunction clásico no puede de ordinario emplearse el injunction preliminar para qui-·tarle la posesión del terreno a una parte y entregársela a. la otra. 39 L.R.A. (N.S.) 31. Existe una excepción a esta regla bajo ciertas circunstancias en que el demandante fué·privado a la fuerza de la posesión inmediatamente antes de·radicarse el pleito. Véanse 39 L.R.A. (N.S.) 31; *Pennsyl-·vania Public Utility Commission* v. *Israel*, 52 A.2d 317 (Pa., 1947); *Hartley* v. *Brady*, 114 S.W.2d 406 (Tex., 1938); *State* v. *American Ins. Co.*, 173 S.W.2d 51 (Mo., 1943);·*Parrino* v. *Dubois*, 220 S.W.2d 305 (Tex., 1949). Pero esta excepción, en términos generales, se aplica solamente en el procedimiento amplio y flexible de un injunction clá-·sico y no en la presente acción posesoria en donde la única cuestión en controversia es el hecho de la posesión.

De cualquier modo, sin· referirnos a la naturaleza del remedio que pueda concederse mediante el injunction preli-minar en este caso, la corte inferior cometió error al dictar

sentencia final meramente a base de la vista del injunction preliminar. La solicitud para este último está dirigida a la discreción de la corte que lo expide o lo deniega teniendo en cuenta el balance de la relativa conveniencia o daño. Véanse *Rivera* v. *Tugwell, Gobernador,* 59 D.P.R. 841; *Perry* v. *Perry,* 189 F.2d—— (C.A., D.C.). Esto es muy diferente de la regla que impera en los méritos. Además, una parte muy bien podría reservarse una porción considerable de su prueba para la vista en los méritos. Resolvemos que la corte inferior cometió error al decidir el caso en definitiva a base de la prueba presentádale en la vista del injunction preliminar. En consecuencia, devolveremos el caso para que se celebre la vista en los méritos.

El cuarto señalamiento es que la corte inferior cometió error al conceder a los demandantes honorarios de abogado en la suma de $100. El resultado a que hemos llegado nos compele a resolver que este error fué cometido.

*La sentencia de la corte de distrito será revocada y se devolverá el caso para ulteriores procedimiéntos no inconsistentes con esta opinión.*