**FIBA LEASING COMPANY, INC., Plaintiff,**

v.

**AIRDYNE INDUSTRIES, INC., Defendant.**

**Civ. A. No. 93–40107–GN.**

United States District Court, D. Massachusetts.

July 9, 1993.

Jerry C. Effren and Ronald M. Stone, Catanzaro & Effren, Ashland, MA, for plaintiff.

Robert C. Barber and Wesley S. Chused, Looney & Grossman, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before the Court are the parties' cross motions for a preliminary injunction in this action in which plaintiff, FIBA Leasing Company, Inc. ("FIBA"), seeks to recover damages for an alleged breach of several lease agreements ("the Leases") by defendant, Airdyne Industries, Inc. ("Airdyne"). FIBA seeks an order: 1) compelling Airdyne to disclose the location of the equipment that is the subject of the Leases (which includes trailers and compressed gas storage units), 2) restraining Airdyne from moving the equipment, 3) restraining Airdyne from interfering with FIBA's repossession attempts and 4) restraining Airdyne from selling any of its own assets.

Airdyne, in its motion, seeks an order: 1) restraining FIBA from repossessing any of the equipment, 2) restraining FIBA from contacting any of Airdyne's customers, 3) compelling FIBA to account for all sums paid by Airdyne under the Leases since February, 1987, and 4) compelling FIBA to re-register the trailer equipment for which FIBA has canceled the vehicle registrations.

## I. PRELIMINARY INJUNCTION STANDARD

The First Circuit's quadripartite test for determining if a preliminary injunction should issue is well-established. A movant must demonstrate that 1) it is likely to succeed on the merits 2) it will suffer immediate and irreparable harm absent the injunction, 3) such harm outweighs any harm to the nonmovant if the injunction is imposed and 4) the public interest will not be adversely affected. *Planned Parenthood v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir.1981); *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir.1991).

## II. FIBA'S MOTION

 FIBA has satisfied the Court that it is likely to succeed on the merits of its claim, given the fact that Airdyne admitted at the preliminary injunction hearing that it is delinquent on payments under the Leases. Nevertheless, FIBA has failed to satisfy the other three prerequisites for preliminary injunctive relief.

 . FIBA has not demonstrated that it will be irreparably harmed if the requested injunction does not issue. FIBA's irreparable harm argument rests on the claim that it could now be held liable if Airdyne causes a third party damage through use of the unregistered equipment. Even assuming that contention is a correct statement of the law, it does not satisfy the irreparable harm prong of the preliminary injunction standard. The only difference between Airdyne's operation of the equipment when it was in compliance with the Leases and its operation of the equipment today is that the equipment is now unregistered, a situation brought about by FIBA. A preliminary injunction movant does not satisfy the irreparable harm criterion when the alleged harm is self-inflicted. *San Francisco Real Estate v. Real Estate Invest. Trust of America*, 692 F.2d 814, 818 (1st Cir.1982).

Moreover, given the conclusion that it has not made a showing of avoidable, irreparable harm, FIBA cannot satisfy the third prong of the preliminary injunction standard if an injunction would cause harm to Airdyne. In opposition to FIBA's motion, Airdyne has submitted the affidavit of its president, Thomas Sabino ("Sabino"), which states that Airdyne's business is dependent on the equipment. Sabino contends that without the equipment, Airdyne will go out of business and thirty-eight people will be put out of work. The Court finds that the injunction that FIBA seeks would cause Airdyne significant harm and that such harm necessarily outweighs FIBA's insupportable claim of harm. Furthermore, FIBA has made no showing that the public interest would not be adversely affected by the issuance of the requested injunction.

In sum, although FIBA has demonstrated a likelihood of success on the merits of its claim, it has failed to satisfy the remaining preliminary injunction criteria. Under the particular circumstances of this case, the Court concludes the preliminary relief sought by FIBA is unwarranted.

## III. AIRDYNE'S MOTION

■ The First Circuit has recently asserted that the *"sine qua non"* of granting a party's request for a preliminary injunction is a showing by that party of a likelihood of success on the merits. *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir.1993). "In the ordinary course, [movants] who are unable to convince the trial court that they will probably succeed on the merits will not obtain interim injunctive relief." *Id.*

In the case at bar, Airdyne has failed to demonstrate a likelihood of success on the merits of the only claim that is now before the Court, the claim of breach of the Leases. To the contrary, it is FIBA that has demonstrated a likelihood of success on the merits. (*See supra*, p. 39). Airdyne has therefore failed to satisfy the essential prerequisite for obtaining a preliminary injunction.

### ORDER

For the foregoing reasons, it is hereby ORDERED:

1. Motion of plaintiff, FIBA Leasing Company, Inc., for a Preliminary Injunction is **DENIED.**

2. Motion of defendant, Airdyne Industries, Inc., for a Preliminary Injunction is **DENIED.**