*617 TEXTO COMPLETO DE LA RESOLUCIÓN
Los peticionarios de epígrafe, varias corporaciones que operan hospitales en Puerto Rico, nos presentaron una Petición de Certiorari mediante la cual solicitan que revisemos la resolución de 29 de junio de 2006 del Tribunal de Primera Instancia, revoquemos la misma y le concedamos los remedios provisionales que solicitaron ante dicho Foro. Señalan que incidió el tribunal al denegar el injunction preliminar y los remedios provisionales, aduciendo que lo solicitado cumple con las normas y criterios aplicables. Examinados los hechos particulares del caso de autos, denegamos la expedición del auto de certiorari.
I
Mediante la Ley Núm. 27 de 20 de junio de 2005, Ley para Establecer el Salario Mínimo para los Profesionales de la Enfermería en el Sector Privado, se estableció el salario mínimo mensual aplicable a cuatro categorías o niveles de practicantes de la enfermería en los hospitales privados de Puerto Rico. Al amparo de dicha ley, el Secretario del Trabajo aprobó el Reglamento Núm. 7095 de 28 de febrero de 2006, Reglamento para la Implantación Salario Mínimo para los Profesionales de la Enfermería en Puerto Rico en el Sector Privado e Imposición de Multas. Varias corporaciones que operan hospitales privados en Puerto Rico presentaron ante el Tribunal de Primera Instancia demandas sobre sentencia declaratoria e injunction, los cuales, en esencia, impugnan la interpretación de la Ley Núm. 27, supra, por el Secretario de Trabajo, según ello se refleja en el Reglamento Núm. 7095, supra. Entre otros, los demandantes solicitaron al tribunal que emitiera un injunction preliminar y remedios provisionales al amparo de la Regla 56 de Procedimiento Civil, 32 L.P.R.A. Ap. m, R. 56, para prohibirle al Secretario del Trabajo que le impusiera multas mientras se dilucida el presente pleito.
El 23 de junio de 2006, se celebró la vista de injunction preliminar para los casos de epígrafe, KPE2006-2387, KPE2006-2392, KPE2006-2819 y KPE2006-2820, varios de los cuales ya habían sido consolidados. Aunque los demandantes comparecieron a la vista preparados para presentar prueba documental, testifical y pericial, el tribunal determinó que no iba a recibir la prueba, circunscribiéndose la vista a la presentación de los argumentos de derecho en los cuales se fundamenta la posición de cada una de las partes litigantes.
El 29 de junio de 2006, el tribunal emitió una resolución mediante la cual denegó el remedio de injunction preliminar y otros remedios provisionales solicitados por los hospitales aduciendo que, en esa etapa de los procedimientos, la interpretación que hacen los demandantes de la Ley Núm. 27, supra, no le persuadía. Inconformes, los hospitales presentaron el recurso de certiorari que aquí atendemos, señalando como errores que incidió el tribunal al denegar el injunction preliminar y otros remedios provisionales solicitados: (1) por “el jundamento de que los peticionarios no establecieron la posibilidad real de prevalecer en los méritos”, y (2) sin haber considerado el balance de intereses envueltos en la expedición de un injunction preliminar y *618 solicitud de remedio provisional.”
El E.L.A. y las partes interventoras, uniones obreras que representan a los profesionales de la enfermería que trabajan para los hospitales, presentaron sus alegatos en oposición a la expedición del auto de certiorari.
II
Consideraremos los dos señalamientos de error conjuntamente, ya que están sustancialmente relacionados.
El Tribunal Supremo reiteró las normas sobre la concesión de un injunction preliminar en Misión Ind. P.R. v. J.P. y A.A.A., 142 D.P.R. 656, 679-684 (1997), exponiendo como sigue:
El caso normativo con relación a la expedición de injunctions preliminares es el de P.R. Telephone Co. v. Tribunal Superior, 103 D.P.R. 200, 202 (1975). Desde entonces, nos hemos reiterado en la aplicación de los criterios allí elaborados al considerar solicitudes de injunction preliminar. Mun. de Ponce v. Gobernador, 136 D.P.R. 776 (1994); García v. World Wide Entmt. Co., 132 D.P.R. 378 (1992); Cobos Liccia v. DeJean Packing Co., Inc., 124 D.P.R. 896, 902 (1989); System de P.R., Inc. v. Interface Int'l, Inc., 123 D.P.R. 379 (1989); A.P.P.R. v. Tribunal Superior, 103 D.P.R. 903, 906 (1975). Así pues, al evaluar la procedencia de un injunction preliminar examinaremos los siguientes criterios: (1) la naturaleza de los daños que pueden ocasionarse a las partes de concederse o denegarse el injunction; (2) la irreparabilidad del daño o la existencia de un remedio adecuado en ley; (3) la probabilidad de que la parte promovente prevalezca eventualmente al resolverse el litigio en su fondo; (4) la probabilidad de que la causa se tome académica de no concederse el injunction y, sobre todo, (5) el posible impacto sobre el interés público del remedio que se solicita.
El peso de la prueba recaerá sobre el promovente del injunction preliminar o pendente lite, P.R. Telephone Co. v. Tribunal Superior, supra. Se fundamenta lo anterior en que "jija obligación de presentar evidencia primeramente recae sobre la parte que sostiene la afirmativa en la cuestión en controversia", Regla 10(B) de Evidencia, 32 L.P.R. A. Ap. IV. Véase, además, D. Rivé Rivera, Recursos Extraordinarios, 2da ed., San Juan, Ed. Facultad de Derecho U.I.A., 1996, pág. 38.
La concesión de un injunction preliminar descansa en el ejercicio de la sana discreción judicial, la que se desplegará ponderando las necesidades e intereses de todas las partes envueltas en la controversia. Mun. de Ponce v. Gobernador, supra, págs. 790-791. Los tribunales no ejercen su discreción con automatismo judicial. Lo hacen luego de realizar un análisis integral de la prueba y un ponderado balance de equidades, sopesando los intereses de las partes. Cobos Liccia v. DeJean Packing Co., Inc., supra, pág. 903; Systema de P.R., Inc. v. Interface Int'l, Inc., supra, pág. 387. Tras la rigurosa y cuidadosa ponderación de los intereses de todas las partes, el tribunal no vendrá obligado a emitir el injunction preliminar, si a su juicio, la balanza se inclina en contra de su expedición. García v. World Wide Entmt. Co., supra. En síntesis, el concepto “balance de equidades” es uno de carácter abarcador. Systema de PR, Inc. v. Interface Int'l, Inc., supra, pág. 388. Su amplitud requiere el análisis de todos los factores en juego, no tan sólo de alguno o de algunos de éstos. García v. World Wide Entmt. Co., supra, pág. 390. El peso que se le dará a cada uno dependerá de los hechos particulares del caso. (Énfasis añadido.)
Es precisamente el balance de equidades que ha de realizarse el que atiende a la naturaleza de los daños que pueden ocasionarse a las partes de concederse o denegarse el recurso. Al analizar el aspecto de la naturaleza de los daños podría encontrarse que los mismos son autoinfligidos. Una parte se autoinflige daños cuando actuando con conocimiento se coloca voluntariamente en una posición que le ocasiona perjuicio irrazonable. Asoc. Res. Baldrich, Inc. v. J.P. de P.R., 118 D.P.R. 759, 772 (1987). Acorde con esto, hemos reconocido que la doctrina de la autoinflicción, como regla general, impide la concesión de una variación en materia de zonificación, cuando el promovente de una solicitud de esta índole adquiere una propiedad con conocimiento de las limitaciones impuestas sobre la misma. A.R.P.E. v. J.A.C.L., 124 D.P.R. 858, 865 (1989); Asoc. Res. Baldrich, Inc. v. J.P. de P.R., supra; Asoc. C. D. Octubre v. J.A.C.L, 116 D.P.R. 326, 334 (1985). (Énfasis suplido.)
*619 Por razón del origen del injunction en las Cortes de Equidad inglesas, el principio de equidad que gobierna su concesión o denegación exige que la parte promovente demuestre la ausencia de un remedio adecuado en ley. Se estiman como remedios legales adecuados aquéllos que pueden otorgarse en una acción por daños y perjuicios, en una criminal o cualquiera otra disponible. Con relación a este remedio en equidad, constituye por tanto un daño irreparable aquél que no puede ser adecuadamente satisfecho mediante la utilización de los remedios legales disponibles. El daño irreparable es áquél que no puede ser apreciado con certeza ni debidamente compensado por cualquier indemnización que pudiera recobrarse en un pleito en ley. Loíza Sugar Company v. Hernáiz y Albandoz, 32 D.P.R. 903 (1924); Alonso v. Madera et al., 32 D.P.R. 719 (1924), y Martínez v. P.R. Ry. Light & Power Co., 18 D.P.R. 725 (1912). Sólo en raras ocasiones, el daño ambiental puede ser adecuadamente compensado mediante la indemnización a obtenerse como resultado de una acción en daños y perjuicios. El carácter permanente de este tipo de daño lo hace generalmente irreparable. Amoco Production Co. v. Village of Gambell, 480 U.S. 531, 545 (1987). Por tales motivos, el incumplir con la declaración de impacto ambiental que requiere el "National Environmental Policy Act" (N.E.P.A.) es de por sí considerado un daño irreparable. Puerto Rico Conservation Foundation v. Larson, 797 F. Supp. 1066, 1072 (D.P.R. 1992).
La parte promovente de un injunction preliminar deberá demostrar que de no concederse éste antes de adjudicarse el caso en sus méritos, sufriría daño irreparable. 11a Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, Sec. 2948.1 (1995). Véase, además, Puerto Rico Conservation Foundation v. Larson, supra, pág. 1071. En Loíza Sugar Company v. Hemáiz y Albandoz, supra, pág. 906, expusimos: (Énfasis suplido.)
“La palabra "irreparable" ha adquirido en la ley sobre injunction una significación que tal vez no está en completa armonía con su etimología o su significado literal. Hay daños incapaces de ser reparados que una corte de equidad no considera como irreparables. Y por otra parte existen daños que pueden repararse, que se considerarán, sin embargo, como irreparables si la persona que los causa o amenaza causarlos es insolvente o no puede responder por daños y perjuicios. Según se usa generalmente, la palabra significa aquéllo que no puede repararse, restablecerse o recompensarse de modo adecuado con dinero, o cuando la compensación no puede estimarse con seguridad. ’ 14 R. C.L. 346.
Una parte podría no satisfacer el criterio sobre la irreparabilidad del daño cuando los mismos hayan sido autoinfligidos.” Wright, Miller & Kane, supra. Véase, además, Fiba Leasing Co., Inc. v. Airdyne Industries, Inc., 826 F. Supp. 38, 39 (D. Mass. 1993). (Énfasis suplido.)
Quien solicita un injunction preliminar debe también demostrar que tiene probabilidades de prevalecer en los méritos. Después de todo, no se le va a conceder este tipo de remedio extraordinario accesorio a una parte a quien claramente no le asiste la razón con relación a los méritos del recurso principal. Sin embargo, el hecho de que se expida un remedio de esta índole no significa que se esté adjudicando ni prejuzgando los méritos del recurso presentado. Mun. de Ponce v. Gobernador, 138 D.P.R. 431 (1995).
La razón de ser del cuarto criterio para otorgar el remedio surge del propósito fundamental del injunction preliminar. Este es, mantener el "status quo" hasta que se celebre el juicio en sus méritos, para que así no se produzca una situación que convierta en académica la sentencia que finalmente se dicte, o se le ocasionen daños de mayor consideración al peticionario mientras perdura el litigio. Cobos Liccia v. DeJean Packing Co., Inc., supra, pág. 902; Sucn. Figueroa v. Hernández, 72 D.P.R. 508, 513 (1951). "El criterio en tomo a la academicidad de la causa está estrechamente relacionado con el de la irreparabilidad de los daños o la existencia de un remedio adecuado en ley." Mun. de Ponce v. Gobernador, 136 D.P.R. 776, 790 (1994).
Como último criterio, es fundamental considerar el impacto que pueda tener la concesión de un injunction preliminar en el interés público. No se puede relegar a un segundo plano dicho interés. Este es primordial y supera al interés individual de las partes. A.P.P.R. v. Tribunal Superior, supra. Siempre se debe "ponderar la naturaleza de los derechos individuales afectados frente al valor y utilidad social de la obra pública en cuestión". Ortega *620 Cabrera v. Tribunal Superior, 101 D.P.R. 612, 618 (1973). En síntesis, constituiría un error el obviar la consideración del perjuicio o beneficio que resultaría sobre el interés de la comunidad en general, García v. World Wide Entmt. Co., supra. (Énfasis en original.)
Finalmente, debemos tener presente que el injunction es "un remedio dinámico sobre el cual los tribunales siempre conservan jurisdicción para dejarlo sin efecto o modificarlo a favor o en contra del que resulta obligado". Noriega v. Gobernador, 122 D.P.R. 650, 688 (1988). Esta flexibilidad cumple el propósito de que el injunction no se convierta en instrumento de injusticia, permitiéndole a los tribunales atender a cambios de relieve en la ley o en las circunstancias particulares de cada caso. A.P.P.R. v. Tribunal Superior, supra, pág. 909. Lo mismo ocurre con los remedios provisionales extraordinarios.
En el caso de autos, los demandantes solicitaron un injunction preliminar para que el Departamento del Trabajo se abstuviera de poner en efecto aquellas partes del Reglamento Núm. 7095, supra, que permiten la imposición de multas administrativas si no se cumple con la implementación de los aumentos salariales en las fechas que dispone dicho reglamento, ya que los hospitales demandantes consideran que dichas fechas son contrarias a la Ley Núm. 27, supra. Este reglamento no fue impugnado oportunamente por los hospitales mediante la presentación de un recurso de revisión judicial, por lo que el mismo advino final y firme, efectivo el 30 de marzo de 2006. J.P. v. Frente Unido I, 2005 J.T.S. 122; Asoc. Dueños Casas Pargueras, Inc. v. J.P., 148 D.P.R. 307 (1999). “No obstante, cualquier persona afectada por la aplicación de una regla o reglamento aprobado por una agencia administrativa podrá impugnar la validez constitucional del mismo, en cualquier momento, ante el Tribunal de Primera Instancia.” J.P. v. Frente Unido I, supra.
La solicitud de injunction preliminar solicita que se le prohíba al Departamento del Trabajo ejercer algunos de los poderes que le otorga el Reglamento Núm. 7095, supra. Ante la naturaleza de lo solicitado, el tribunal ha de mantener presente la norma provista en 32 L.P.R.A. see. 3524(3). Ésta dispone:
32 L.P.R.A. § 3524 Casos en que está prohibido.
No podrá otorgarse un injunction ni una orden de entredicho:
“(3) Para impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico, o el cumplimiento de cualquier actuación autorizada por ley de la Asamblea Legislativa de Puerto Rico, de un funcionario público, de una corporación pública, o de una agencia pública, o de cualquier empleado o funcionario de dicha corporación o agencia, a menos que se hubiera determinado por sentencia final, firme, inapelable e irrevisable que dicha ley o actuación autorizada por ley es inconstitucional o inválida. ” (Énfasis suplido.)
Cualquier injunction preliminar, permanente, o con carácter de entredicho, incluso cualquier orden para hacer efectiva la jurisdicción de un tribunal o para asegurar la efectividad de una sentencia, que se haya expedido en las circunstancias expuestas en este inciso (3) y que esté en vigor a la fecha de vigencia de esta ley o que en lo sucesivo se expidiere, será nulo e inefectivo.
Disponiéndose, sin embargo, que el tribunal podrá dictar dicha orden de entredicho provisional, injunction preliminar o permanente sujeto a los términos de la Regla 57 de Procedimiento Civil: (Énfasis suplido.)

“(a) En aquellos casos en que ello sea indispensable para hacer efectiva su jurisdicción y previa una determinación de que la orden es indispensable para evitar un daño irreparable a la parte peticionaria. (Enfasis suplido.)

*621
(b) Cuando en la petición se alegue que alguna persona, bajo la autoridad de alguna ley, ordenanza, o reglamento del Estado Libre Asociado de Puerto Rico, esté privando o sea el causante de que alguien esté privando al peticionario de algún derecho, privilegio o inmunidad protegido por la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o por la Constitución o leyes de los Estados Unidos de América que sean aplicables a las personas bajo la jurisdicción del Estado Libre Asociado de Puerto Rico. ”

Disponiéndose, además, que al dictar dicha orden el tribunal debe considerar el interés público envuelto y concluir que la parte peticionaria tiene una posibilidad real de prevalecer en los méritos de su petición. Dicha orden sólo tendrá vigor en el caso específico ante el tribunal y entre las partes. (Énfasis suplido.)
Al atender un recurso de Certiorari en el cual se señala inconformidad con una decisión del tribunal de instancia que concede o deniega un injunction preliminar, el tribunal apelativo utilizará el criterio de abuso de discreción. [L]a concesión de una orden de injunction, injunction preliminar o entredicho provisional descansa en la sana discreción del tribunal, por lo que la decisión concediendo o denegando la orden no será revocada en apelación a menos que se demuestre que dicho foro abusó de su facultad discrecional. ” E.L.A. v. Asoc. de Auditores, 147 D.P.R. 669 (1999); Delgado v. Cruz, 27 D.P.R. 877, 890 (1919). (Énfasis suplido.) Véase, además, Rivé Rivera, David, Recursos Extraordinarios, 2da ed., Univ. Inter., Fac. Der., San Juan, 1996, pág. 23; Sucn. Figueroa v. Hernández, 72 D.P.R. 508, 514 (1951); Rivera v. Tugwell, 60 D.P.R. 81 (1942); Rojas v. Pagán, 42 D.P.R. 193 (1931); Abella v. Fernández, 17 D.P.R. 1063 (1911).
111
La Ley Núm. 27 de 20 de julio de 2005, supra, dispone como sigue:

“Artículo 1. -El salario mínimo a ser devengado por un(a) enfermero(a) en el sector privado será:

a) Enfermero(a) Práctico(a) - $1,500

b) Enfermero(a) con Grado Asociado sin experiencia - $2,000

c) Enfermero(a) con Bachillerato sin experiencia - $2,350

d) Enfermero(a) con Bachillerato con experiencia - $2,500.

Estas nuevas escalas salariales deberán ponerse en vigor en un período de tres (3) años dividido en etapas.

Las nuevas escalas a establecerse se aplicarán sin perjuicio a los términos de los distintos convenios colectivos que estén vigentes al momento de la fecha de comienzo de la vigencia de esta Ley.

Durante la primera etapa, el aumento será de un treinta y tres (33) por ciento, la segunda etapa será de un treinta y tres (33) por ciento y durante la tercera etapa el restante por ciento.

Artículo 2.-Este aumento en la escala salarial no aplicará a aquellos patronos que empleen un(a) enfermero(a).

Artículo 3.-El Secretario del Trabajo queda facultado a establecer un procedimiento por el cual pueda eximirse de esta Ley a un patrono, siempre que el mismo demuestre que dicho aumento tendría un efecto nefasto para las finanzas de la empresa, tomando en consideración entre otras cosas, los costos operacionales de la empresa y la cantidad de empleados. Todo patrono que se beneficie de esta exención, tendrá que preparar un plan de aumento de sueldo proyectado para comenzar a cumplir con esta Ley al cabo de tres (3) años. Este 
*622
plan será presentado al Secretario del Trabajo quien lo custodiará y dará seguimiento para que su implementación sea factible. Este plan de aumento de sueldo será sometido al Secretario no más tardar de noventa (90) días después que el Secretario haya eximido a ese patrono de cumplir con esta Ley.

Artículo 4.-El Secretario del Trabajo redactará un reglamento para la imposición de multas a quienes violenten alguna disposición de esta Ley. Las multas comenzarán en mil (1,000) dólares y no serán mayores a cinco mil (5,000) dólares por infracción.

Artículo 5.-Esta Ley comenzará a regir inmediatamente después de su aprobación. ”

El principal aspecto del Reglamento Núm. 7095, supra, con el cual los hospitales discrepan es el contenido en la Regla 2, Parte 2 del mismo, alegando que ello es contrario a una interpretación racional de la Ley Núm. 27, supra. La Regla 2 dispone:

“Parte II - Obligaciones del Patrono

Regla 2 - Obligaciones del Patrono

Todo patrono implantará las nuevas escalas de salario mínimo para los enfermeros(as) desde la vigencia de la ley. El patrono podrá optar por pagar el 100% u optar por acogerse al período de tres (3) años para comenzar las nuevas escalas salariales divididas en tres etapas. (Enfasis suplido.)

La primera etapa no será menor de un 33% y comenzará el 20 de julio de 2005 hasta el 20 de julio de 2006. La segunda etapa no será menor de un 66% y comenzará el 20 de julio de 2006 hasta el 20 de julio de 2007. La tercera etapa concederá la totalidad del aumento correspondiente. (Énfasis suplido.)”

Contrario a lo anterior, los hospitales alegan que la única interpretación racional es que la primera etapa de los aumentos se ha de implantar en o antes del 20 de julio de 2006, la segunda etapa en o antes el 20 de julio de 2007 y la etapa final, en o antes de 20 de julio de 2008. Aducen los hospitales, que la interpretación incorporada en la Regla 2 del Reglamento Núm. 7095, supra, requiere que todo el aumento sea concedido en dos años y un día, o sea, para el 21 de julio de 2007, lo cual es contrario al término de tres (3) años que provee el Art. 1 de la Ley Núm. 27, supra.
En la resolución recurrida, el tribunal, luego de estudiar las mociones de las partes y escuchar los argumentos orales vertidos en la vista de 23 de junio de 2006, declaró no ha lugar la petición de injunction preliminar y de remedios provisionales presentada por los hospitales. Indica la resolución que: “Los demandantes no establecieron una posibilidad real de prevalecer en los méritos.” El tribunal interpretó preliminarmente la Ley Núm. 27, supra, al efecto de que ésta dispone para un primer aumento de 33%, efectivo el 20 de julio de 2005, fecha de efectividad de la Ley Núm. 27, supra. Este primer aumento será seguido por otro, también de 33% adicional, para un total acumulativo de 66%, efectivo el 20 de julio de 2006 y en aumento final de 34%, el cual será efectivo el 20 de julio de 2007.
La situación de autos concierne el caso particular en que se le solicita al tribunal una orden para impedir la aplicación de parte del Reglamento Núm. 7095, supra. Por su naturaleza, la solicitud ha de evaluarse bajo los criterios dispuestos en el inciso (3) de 32 L.P.R.A. see. 3524, los cuales son más estrictos o limitativos que los aplicables a una solicitud de injunction preliminar de naturaleza general, ya que se le solicita al tribunal una orden para impedir la aplicación de un Reglamento que tiene fuerza de ley. Ello, ya que al solicitarse el injunction preliminar, el Reglamento era final, firme e inapelable, por lo que a éste le ampara la presunción de validez. En tales circunstancias, los criterios principales para guiar la concesión del injunction preliminar son el que dicha orden sea indispensable para hacer efectiva la jurisdicción del tribunal *623 y para evitar un daño irreparable al los hospitales.
Al considerar los argumentos presentados por los peticionarios en la Petición de Certiorari, concluimos que no abuso de su discreción el tribunal al estimar que en la presente etapa de los procedimientos no se cumple con los criterios antes enunciados. Aunque la interpretación a que llegó el tribunal no es la única posible, ésta no es arbitraria ni irracional, ya que es la misma que le dio el Secretario del Trabajo. Por lo tanto, concluimos que no existe razón para revocar la denegatoria del injunction preliminar. No incidió el tribunal recurrido.
Además de lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 40, presenta una serie de consideraciones para guiar la decisión respecto la expedición del auto de certiorari. Al evaluar la presente solicitud para que se expida el auto, consideramos pertinentes las consideraciones dispuestas en los incisos (E), (F) y (G) de la misma. Milita en contra de la expedición del auto el que la presente etapa procesal, previo al desfile de prueba, no es la más propicia para considerar si parte del Reglamento Núm. 7950, supra, es contrario a lo dispuesto en la Ley Núm. 27, supra (Regla 40(E)). Además, el expedir el auto solicitado causaría una dilación innecesaria respecto la solicitud de sentencia declaratoria (Regla 40(F)) y no estimamos que el expedir el auto sea necesario para evitar un fracaso de la justicia (Regla 40(G)). Dichas consideraciones también militan en contra de la expedición del auto solicitado.
IV
Por todo lo antes expuesto, se deniega la expedición del auto de certiorari.
Lo acordó y manda el Tribunal y lo certifica la Secretaria Interina del Tribunal.
Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones
ESCOLIO 2007 DTA 1
1. Los peticionarios argumentan que el Reglamento Núm. 7950, supra, es lógicamente contrario a lo dispuesto en la Ley Núm. 27, supra. A la luz de dicho argumento, el no presentar un recurso de revisión judicial del Reglamento Núm. 7950, supra, podría considerarse un daño autoinflijido. Ello debido a que esa omisión activó las normas más exigentes dispuestas en 32 L.P.R.A. see. 3524, infra.