# 2009 DTA 72

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE ARECIBO
PANEL X**

JUAN E. HERNÁNDEZ, INC., *ET. ALS.*
Peticionarios

v.

GRISSELLE HERNÁNDEZ VIÑAS, *ET. ALS.*
Recurridos

Núm. KLCE-2009-00554

San Juan, Puerto Rico, a 27 de abril de 2009

Panel integrado por su Presidente, el Juez Aponte Hernández,
y los Jueces Escribano Medina y Cabán García

## TEXTO COMPLETO DE LA RESOLUCIÓN

Mediante recurso de *Certiorari* presentado el 21 de abril de 2009, comparece ante este tribunal Juan E. Hernández Inc., JEH Leasing Inc. y JEH Properties Inc. (Peticionarios/corporaciones). Nos solicitan que revoquemos la Resolución y Orden emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI) el 16 de marzo de 2009, notificada el 19 de marzo de 2009. Mediante ésta, el TPI, entre otros asuntos, declaró sin lugar una solicitud de interdicto preliminar solicitada por los Peticionarios. Simultáneamente con el recurso de *Certiorari*, los Peticionarios presentaron una Moción Urgente en Auxilio de Jurisdicción.

Por los fundamentos que a continuación expondremos, declaramos no ha lugar la *Moción Urgente en Auxilio de Jurisdicción* y denegamos la Petición de *Certiorari*.

### I

El 29 de octubre de 2008, los Peticionarios presentaron una demanda sobre entredicho provisional, interdicto preliminar y permanente y daños contra las señoras Grisselle y Vivian Hernández Viñas (Recurridas). En esencia, señalaron que las Recurridas usurparon por fuerza y violencia el puesto del señor Martín Souto Acero (Sr. Souto Acero) quien era el Gerente General y Administrador de las corporaciones. Según la demanda, el Sr. Souto Acero fue nombrado por la Junta de Directores en una reunión extraordinaria celebrada el 30 de septiembre de 2008. Igualmente, señalaron que las Recurridas dispusieron de documentos corporativos sin autorización, se apropiaron de libros corporativos y tomaron decisiones sin formar parte de la Junta de Directores ni ser oficiales o agentes de las corporaciones. Así pues, solicitaron un interdicto prohibiendo a las

Recurridas que interrumpieran la entrada del Gerente General y Administrador de las corporaciones, un interdicto provisional ordenando el mismo remedio durante la pendencia del litigio y daños ascendentes a quinientos mil dólares ($500,000.00).

Luego de diversos incidentes procesales, las Recurridas contestaron la demanda y solicitaron que el TPI declarara sin lugar la demanda. Igualmente presentaron reconvención y demanda contra los terceros, la señora Viñas Casañas, el señor Casanova Alfonso y el Sr. Souto Acero. También solicitaron que se emitiera un interdicto para destituir de los puestos ilegalmente ostentados por la Sra. Viñas Casañas y Sr. Casanovas Alfonso, que se prohibiera la venta de acciones corporativas de las empresas objeto del litigio hasta tanto se dilucidara la participación de las partes en las corporaciones y se determinara si la Sra. Viñas Casañas es titular de parte de éstas y si tienen capacidad para enajenar las mismas y finalmente ordenara al tercero demandado Sr. Souto Acero a que cesara y desistiera de intervenir con las corporaciones.

Eventualmente, los Peticionarios presentaron una *Moción Urgente Solicitando Expedición de Interdicto Preliminar Por Sentencia Sumaria*. Allí expuso diversos hechos materiales que entendió que no estaban en controversia. Entre los hechos presentados y alegadamente no sujetos a controversia estaban:

*"1) Que las corporaciones demandantes son entidades domésticas organizadas bajo la Ley de Corporaciones de Puerto Rico.*

*2) Que las corporaciones demandantes poseen reglamentos que rigen su operación.*

*3) Que de acuerdo con estos reglamentos, la Junta de Directores tiene el poder y autoridad para dirigir los asuntos corporativos.*

*4) Que la Sra. Eva N. Viñas Casañas es la Presidenta de las corporaciones demandantes.*

*5) Que el Sr. Casanovas Alfonso fue designado miembro de la Junta de Directores y trabajó como Gerente General hasta finales del año 2008.*

*6) Que ante la renuncia del Sr. Casanovas, la Junta de Directores nombró al Sr. Martín Souto Acero como Gerente General y Administrador de las corporaciones demandantes.*

*7) Que las demandantes han impedido que el Sr. Souto asuma el cargo para el cual fue nombrado por la Junta de Directores."*

Por su parte, la Recurrida se opuso aduciendo que existían controversias respecto a lo siguiente:

*"a) Si existe y cuándo se eligió la supuesta Junta de Directores.*

*b) Si ocurrió o no una reunión válidamente convocada donde hubo quórum y donde se eligió un Gerente General.*

*c) Si la tercera demandada, Sra. Viñas Casañas, es cotitular de las empresas y el por ciento de su participación, si alguna.*

*d) La ocurrencia de desfalcos de fondos corporativos.*

*e) La fabricación de documentos corporativos para dar la impresión de legalidad sobre actuaciones que violan el deber de fiducia.*

*f) La existencia o inexistencia de daños que ameriten la concesión del remedio provisional solicitado.*

*g) La incuria de los demandantes.*

*h) La posibilidad de otras medidas provisionales como el nombramiento de un Administrador Judicial."*

El 16 de marzo de 2009, notificada el 19 de marzo de 2009, el TPI, mediante Resolución y Orden, declaró sin lugar la solicitud de interdicto preliminar presentada por los Peticionarios. Como medida cautelar para proteger los intereses de todas las partes, el tribunal recurrido también ordenó lo siguiente:

*"a) Se prohíbe la emisión y venta de acciones por parte de cualquiera de las corporaciones demandantes.*

*b) Se prohíbe la venta o transferencia por parte de cualquier accionista de cualquiera de las corporaciones de la totalidad o de cualquier parte de sus acciones en las corporaciones demandantes.*

*c) Se ordena la contratación de una firma de auditores independientes para que ésta audite las operaciones administrativas y fiscales de las corporaciones objeto del presente litigio.*

*d) Se le concede un término de treinta (30) días a todas las partes para que sometan candidatos sobre la firma a ser contratada, de no ponerse de acuerdo y escoger una por consenso.*

*e) La firma de auditores seleccionada por este Tribunal de los candidatos recomendados por las partes, o la seleccionada por acuerdo de las partes, tendrá la obligación de rendir informes trimestrales sobre el progreso de sus trabajos. Dichos informes serán sometidos a este tribunal notificando copia a todas las partes en litigio.*

*f) Los honorarios devengados por dicha firma de auditores serán sufragados de los fondos corporativos.*

*g) Se prohíbe la compra o la venta, disposición o transferencia de activos de las corporaciones sin la solicitud y autorización de este Tribunal. Estarán excluidas de esta prohibición la compra o venta de suministros o materiales necesarios para la conducción de los negocios corporativos.*

*h) Se ordena que las partes sometan candidatos para la designación de un administrador judicial el cual en primera instancia tendrá una designación temporal en lo que se celebra el juicio en su fondo. Se concede un término de treinta (30) días para este fin.*

*i) Se ordena el inicio del descubrimiento de prueba en el caso.*

*j) Se mantiene señalamiento del 17 de junio de 2009, para coordinar procedimientos a seguir."*

El TPI entendió que ante el hecho de que fueron los propios Peticionarios quienes solicitaron el interdicto preliminar mediante sentencia sumaria y la existencia de controversias sustanciales sobre los hechos alegados estaba impedido de conceder el remedio solicitado. Al respecto, el tribunal recurrido determinó que existía una controversia sobre el hecho del nombramiento del Sr. Souto Acero como Gerente de las corporaciones y las operaciones y manejos administrativos de las corporaciones.

También, el TPI concibió que los Peticionarios fracasaron en establecer la existencia de daños que justificaran la concesión del interdicto solicitado. Respecto a la probabilidad de que los Peticionarios prevalecieran en el litigio, el TPI concluyó que por existir controversias sustanciales sobre los hechos resultaba altamente especulativo evaluar la probabilidad de que los Peticionarios prevalecieran por lo que era necesario el

descubrimiento de prueba.

Inconforme, el 21 de abril de 2009, los Peticionarios presentaron ante nos un recurso de *Certiorari* señalando que:

*"a. Abusó de su discreción el TPI al denegar el interdicto en sus méritos.*

*b. Abusó de su discreción el TPI al denegar el interdicto sumariamente frente a la clara inexistencia de hechos materiales esenciales en controversia que militasen contra su expedición, y el evidente descanso de las recurridas en sus meras alegaciones.*

*c. Abusó de su discreción el TPI, y actuó sin jurisdicción, al conceder los remedios solicitados por las demandadas recurridas (quienes admiten no son accionistas) en su contestación a la Demanda de interdicto."*

Simultáneamente, los Peticionarios presentaron una *Moción Urgente en Auxilio de Jurisdicción* solicitando la paralización de los procedimientos relativos al interdicto preliminar en lo que se dilucidaba el recurso de *Certioriari*. [1] Argumentaron que el interdicto preliminar estaba predicado en la usurpación por parte de las Recurridas de las funciones y prerrogativas de la Junta de Directores y los oficiales de los Peticionarios. Los Peticionarios esgrimieron que con el recurso pretendían preservar el *status quo* donde la Junta de Directores había aprobado el nombramiento del Sr. Martín Souto Acero como Gerente General y Administrador de las corporaciones y una orden de cese y desista impidiendo que las Recurridas no accedieran las oficinas corporativas. Entendieron que el TPI emitió una orden de remedios provisionales sin vista y la cual no fue solicitada por los Peticionarios lo que tuvo el efecto de otorgar un interdicto a la inversa a favor de las Recurridas.

## II

En Puerto Rico, el interdicto está regulado por la Regla 57 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 57, y por los artículos 675 a 689 del Código de Enjuiciamiento Civil, 32 L.P.R.A. secs. 5321 a 3566. Este recurso extraordinario va dirigido a prohibir u ordenar la ejecución de determinado acto con el fin de evitar que se causen perjuicios inminentes o daños irreparables a alguna persona, en casos en que no hay otro remedio adecuado. *E.L.A. v. Asociación de Auditores*, 147 D.P.R. 669 (1999). El principio medular que rige la concesión de este remedio extraordinario, y que está inexorablemente atado a la equidad, es la existencia de una amenaza real de sufrir algún daño para el cual no se tiene un remedio adecuado en ley. *Universidad del Turabo v. L.A.I.*, 126 D.P.R. 497 (1990).

El interdicto preliminar es el que se emite en cualquier momento antes del juicio en su fondo, después de haberse celebrado una vista en que las partes han presentado prueba en apoyo y en oposición de tal solicitud. David Rivé Rivera, *Recursos Extraordinarios*, 2da Edición Revisada, Programa de Educación Jurídica Continuada, Facultad de Derecho, Universidad Interamericana de Puerto Rico, 1996, San Juan, P.R., página 21. El propósito primordial de éste es mantener el *status quo* hasta que se celebre el juicio en sus méritos, para que la conducta del demandado no produzca una situación que convierta en académica la sentencia que finalmente se dicte, o que se le ocasionen daños de consideración al peticionario durante la pendencia del litigio. *Cobos Liccia v. DeJean Packing Co., Inc.*, 124 D.P.R. 896, 902 (1989); *Sucesión Figueroa v. Hernández*, 72 D.P.R. 508, 513 (1951).

Para decidir si expide o no este recurso extraordinario provisional, el tribunal debe ponderar los criterios que se enumeran a continuación: (1) la naturaleza de los daños que puedan ocasionársele a las partes de concederse o denegarse el interdicto; (2) su irreparabilidad o la existencia de un remedio adecuado en ley; (3) la probabilidad de que la parte promovente prevalezca eventualmente al resolverse el litigio en su fondo; (4) la probabilidad de que la causa se torne académica de no concederse el interdicto; y (5) el posible impacto sobre el

interés público del remedio que se solicita. *Municipio de Ponce v. Gobernador,* 136 D.P.R. 776, 784 (1994); *Puerto Rico Telephone Co. v. Tribunal Superior,* 103 D.P.R. 200, 202 (1975). Véanse también, *Mun. de Caguas v. AT&T,* 154 D.P.R. 401 (2001); *Serrano, Vélez v. E.L.A.,* 154 D.P.R. 418 (2001). Tales requisitos deben encontrarse presentes para poder conceder una solicitud de interdicto y corresponde a la parte promovente demostrar la existencia de los mismos. *Puerto Rico Telephone Co. v. Tribunal Superior, supra.*

La concesión de un interdicto preliminar descansa en el ejercicio de una sana discreción judicial que se ejercerá ponderando las necesidades y los intereses de todas las partes involucradas en la controversia. *Municipio de Ponce v. Gobernador, supra,* a las págs. 790-791. La resolución que dicte no se revocará en apelación, a menos que se demuestre que dicho tribunal abusó de su facultad. Toda vez que éste es un remedio que en el procedimiento ordinario no se obtiene hasta que se vence en el juicio plenario, debe expedirse con sobriedad y sólo ante una demostración de clara e intensa violación de un derecho. *A.P.P.R. v. Tribunal Superior,* 103 D.P.R. 903, 906 (1975).

Por otro lado, el auto de *Certiorari,* 32 L.P.R.A. sec. 3491 *et seq.,* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Pueblo v. Colón Mendoza,* 149 D.P.R. 630, 637 1999. Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional. Esta discreción, en nuestro ordenamiento jurídico, ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia,* 154 D.P.R. 79 2001.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXIIB, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.* La referida regla dispone lo siguiente:

*"El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*

*(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*

*(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*

*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia."*

Examinado el recurso y el derecho aplicable, no estamos convencidos que a la luz de los anteriores criterios este asunto amerite nuestra intervención en este momento. En las particulares circunstancias de este caso, la determinación del TPI no refleja error manifiesto, prejuicio, parcialidad o pasión, por lo que no se amerita la expedición del auto solicitado. Además, el foro de instancia conserva jurisdicción sobre el asunto y si en algún momento cambian las circunstancias que dieron lugar a la presente determinación, el tribunal puede tomar otro curso de acción. Regla 56 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Así lo ha previsto diligentemente dicho foro al ordenar como parte de su resolución, entre otras cosas, prohibir la emisión y venta de acciones por parte de cualquiera de las corporaciones y la venta o transferencia por parte de cualquier accionista de cualquiera de las corporaciones de la totalidad o de cualquier parte de sus acciones en las corporaciones demandantes. Más aún en aras de proteger los intereses de la corporación, el TPI también prohibió la compra o la venta, disposición o transferencia de activos de las corporaciones sin la solicitud y autorización de éste. Tales órdenes evitan y contrarrestan el argumento de los Peticionarios de que la denegación del interdicto preliminar tuvo el efecto de otorgar un interdicto a la inversa a favor de las Recurridas, pues estas últimas no pueden a nombre de las corporaciones realizar gestión alguna.

Como mencionáramos, el interdicto preliminar es un recurso cuya concesión depende de la amplia discreción del foro de instancia. En el caso de autos, no hallamos fundamentos o circunstancias que nos muevan a determinar que el TPI abusó de su discreción para denegar el interdicto preliminar solicitado. Por el contrario, basó su determinación en que existían controversias de hechos que debían dilucidarse luego del descubrimiento de prueba mediante juicio plenario y los Peticionarios no satisficieron los criterios del remedio solicitado. Más aún al haber solicitado el remedio mediante el mecanismo de sentencia sumaria donde era necesario establecer su derecho con claridad y cualquier duda sobre la controversia de hecho debe ser resuelta en contra de la parte promovente. *Corp. Presiding Bishop v. Purcell,* 117 D.P.R. 714 (1986). Por tanto, no estamos en posición de considerar un dictamen que se sustenta en la sana discreción del foro de instancia. Concluimos, pues, que el TPI no abusó de su discreción judicial al denegar la solicitud de interdicto provisional presentada por los Peticionarios. [2]

Por ende, procede que deneguemos el auto de *Certiorari* solicitado, pues no se cumplió con ninguno de los criterios enunciados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para su expedición. De igual forma, evitamos interferir indebidamente con los procesos que se llevan a cabo actualmente ante el TPI.

### III
Por los fundamentos antes expuestos, declaramos no ha lugar la *Moción Urgente en Auxilio de Jurisdicción* y denegamos la Petición de *Certiorari*.

Adelántese de inmediato por fax o teléfono; además de notificar por la vía ordinaria.

Lo acordó el Tribunal y lo certifica la Secretaria.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2009 DTA 72

1. Debido al incumplimiento con la Regla 79(E) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, mediante Resolución emitida y notificada el 22 de abril de 2009 ordenamos a los Peticionarios a que nos acreditaran la notificación correcta de la *Moción Urgente en Auxilio de Jurisdicción*. Así las cosas, el 24 de abril de 2009, los Peticionarios nos informaron haber enviado a las partes mediante facsímile el recurso de *Certiorari* sin el apéndice y la moción. De igual forma nos informaron que enviaron mediante correo certificado el recurso con el apéndice y la moción y que fue recibido por las partes al próximo día de haberse presentado el. mismo ante este tribunal. La Regla 79(E) de nuestro Reglamento exige que se **notifique simultáneame** tanto la moción como el recurso con su apéndice para evitar la

presentación de solicitudes sin que la otra parte este notificada inmediatamente. A pesar de que este tribunal puede ordenar *motu propio* la paralización de los procedimientos, los Peticionarios en el caso de autos solicitaron el auxilio de jurisdicción por lo que tenían que cumplir con las disposiciones reglamentarias para que este tribunal considerara la moción. Es norma reiterada que las disposiciones reglamentarias sobre los recursos a presentarse ante los tribunales apelativos deben observarse rigurosamente. *Arriaga v. F.S.E.*, 145 D.P.R. 122 (1998); *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642 (1987); *MFRS H. Leasing v. Carib Tubular Corp.*, 115 D.P.R. 428 (1984). Repetidamente se ha dicho que no puede quedar al arbitrio de los abogados de las partes decidir qué disposiciones reglamentarias deben acatarse y cuándo. Por el contrario, éstos vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos. *In re: Reglamento del Tribunal Supremo,* 116 D.P.R. 670 (1985); *Matos v. Metropolitan Marble Corp.,* 104 D.P.R. 122 (1975).

**2.** En la jurisdicción federal, la revisión apelativa de las órdenes denegando o concediendo el *Injuction*, está limitada a aquellos casos en que el apelante demuestra un claro abuso de discreción o un error de derecho. Los tribunales apelativos federales no consideran dentro de su prerrogativa revocar meramente que difieran de la conclusión a que llegó el juez de instancia. Véase, David Rivé Rivera, *Recursos Extraordinarios,* 2da Edición Revisada, Programa de Educación Jurídica Continuada Facultad de Derecho Universidad Interamericana de Puerto Rico, 1989, San Juan, P.R., página 64.